## PEOPLE v HANDLEY

Docket No. 66463. Decided December 22, 1982. On application by the people for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to that Court for further consideration.

Joseph Handley, Jr., was convicted by a jury in Recorder's Court of Detroit, Robert L. Evans, J., of first-degree murder and possession of a firearm during the commission of a felony. The trial court instructed the jury to determine first whether the defendant was guilty of first-degree murder and if they found the evidence insufficient then to consider the lesser included offenses. The defendant did not object. The Court of Appeals, R. M. Maher, P.J., and Bronson and Quinn, JJ., reversed the defendant's conviction in an opinion per curiam on the ground that the instruction had the improper effect of requiring the jury to find him not guilty of first-degree murder unanimously before it could proceed to the lesser charges (Docket No. 78-4288). The people apply for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The rule is that errors in instruction should not be considered on appeal unless the issue has been preserved by an objection in the trial court. This is not a case for deviation from the rule, and the Court of Appeals erred in reversing the defendant's conviction on the ground given.

The Court clarified the proper instruction to be given on the issue: After the day the opinion in this case is released, December 22, 1982, the jury must be told to consider the principal charge first. It should then be instructed that if it fails to convict or acquit *or is unable to agree* whether to convict or acquit on that offense, it may then turn to lesser offenses. The judge may add that it is for the jury to decide how long to spend considering the greater offense before turning to a consideration of lesser offenses, and may also add that the jury will not turn to lesser offenses if it finds the defendant guilty of the greater offense.

The judgment of the Court of Appeals is reversed, and the

case is remanded to that Court to consider the remaining issues raised by the defendant in his appeal.

101 Mich App 130; 300 NW2d 502 (1980) reversed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Robert E. Slameka* for defendant.

Per Curiam. We again address the issue examined in *People v Hurst,* 396 Mich 1; 238 NW2d 6 (1976); *People v Mays,* 407 Mich 619; 288 NW2d 207 (1980); and *People v West,* 408 Mich 332; 291 NW2d 48 (1980): what may the trial judge properly say to the jury with regard to the order of its deliberations on the main charge and a lesser included offense?

I

The defendant was tried on charges of first-degree murder[1] and possession of a firearm during the commission of a felony.[2] The trial judge instructed the jury on possible verdicts of first-degree murder, second-degree murder, and manslaughter. As to how the jury should proceed to consider these offenses, he said:

"Quite obviously you must determine in effect whether or not, first, the defendant is guilty of first-degree murder. If you find the evidence insufficient, if you find for example there is no premeditation, you should turn to determine whether or not the defendant

[1] MCL 750.316; MSA 28.548.

[2] MCL 750.227b; MSA 28.424(2).

is guilty of second-degree murder. If you find the evidence is insufficient, finding, for example, there is no malice, then you must determine whether or not the defendant is guilty of manslaughter. The unlawful killing by some act of the defendant in the manner that I have described, if you find not insufficient evidence of manslaughter, then, of course, the defendant is entitled to acquittal on all three of the homicide charges."

The jury convicted the defendant of the main charge. On appeal, the defendant claimed that this instruction had the improper effect of requiring the jury to unanimously find him not guilty of first-degree murder before it could proceed to the lesser charges. The Court of Appeals agreed, and it reversed his conviction. 101 Mich App 130; 300 NW2d 502 (1980).

II

We first addressed this issue in *Hurst* in which the instruction was:

" 'If you find either of the defendants not guilty of the charge of manslaughter then you should proceed to determine whether that defendant not guilty of the crime of manslaughter is guilty of the crime of assault and battery.' "

Although we reversed Hurst's conviction on another ground, we said as to this instruction:

"We agree with Hurst that this instruction improperly interfered with the jury's deliberations by requiring agreement of all twelve jurors to acquit the accused of the charged offense before considering a lesser offense.

"Under the judge's instruction, even if the jurors were eleven to one for acquittal and a significant number of jurors desired to discuss the possibility of convict-

ing the defendant of a lesser offense, consideration of a lesser offense could not begin unless the one juror holding out for conviction were dissuaded from that view.

"The instruction is unrealistic and improper.

"Our disposition of this case does not require that we decide whether the giving of the instruction was reversible error. In the future, however, such instructions should be avoided." 396 Mich 10.

In *Mays,* we found the following instruction coercive:

" 'The first lesser included offense which you may consider, *if you find the defendant not guilty of first-degree sexual conduct,* you may consider whether the prosecutor has proven beyond a reasonable doubt the elements of criminal sexual conduct in the second degree.' (Emphasis supplied.)"

We also said:

"It is not error to suggest an order of consideration of offenses. The jury probably should be reminded to consider the charged offense first and it probably would be helpful to suggest that consideration be given to offenses with a 'greater' number of elements before considering those with a 'lesser' number.

"In this respect an instruction will not be deemed erroneous unless the instruction or manner of giving it conveys the impression that there must be acquittal on one charge before consideration of another."

Finally, in *West,* we reviewed the following instruction:

" 'When you go into the jury room your attention should be initially directed to the question of whether Mr. West is innocent or guilty of the charge made against him. If you decide that he is guilty of the charge made against him in keeping with my instruc-

tions and the facts and evidence as you find it to be, then of course you would return a verdict of guilty as charged. If on the other hand you find that he is not guilty of felony murder or first-degree murder on the date and at the time alleged and at the place alleged, you would then turn your attention to the lesser included offenses.' "

We said:

"The effect of the court's instruction was to condition the jury's right to consider lesser included offenses upon a finding that the defendant was not guilty of the principal charge. An instruction like this was expressly disapproved in *Hurst, supra.* There is an important difference between permitting a jury to consider lesser included offenses only if it fails to find guilt of the principal offense, and permitting it to do so only if it first acquits on the principal charge. In three times telling the jury in effect 'if you find Mr. West not guilty of [the greater offense], then you should consider [the lesser offense]', the trial court erred reversibly." 408 Mich 342.

## III

The Court of Appeals found the instruction in this case "indistinguishable" from that in *Mays.*[3] We find one important difference in the record. In *Mays,* defense counsel objected to the instruction, while in this case defense counsel expressed his satisfaction with the instructions as given. We are not convinced that this case is one in which we should deviate from the rule that instructional error should not be considered on appeal unless the issue has been preserved by an objection to the instruction in the trial court. Consequently, we believe the Court of Appeals erred in reversing the defendant's conviction on this ground.

[3] 101 Mich App 139.

We recognize that the question of what the trial judge is to say to the jury on this issue is not entirely clear in light of our decisions in *Hurst, Mays,* and *West.*[4] Consequently, a jury instructed after the day this opinion is released must be told to consider the principal charge first. It should then be instructed that if it fails to convict or acquit *or is unable to agree* whether to convict or acquit on that offense, it may then turn to lesser offenses. The correct instruction would be that after the jury has given consideration to the greater offense, it may turn to lesser offenses *either* if it finds the defendant not guilty of the greater offense *or* if it is unable to agree on whether the defendant is guilty or not guilty of the greater offense. The judge may add that it is for the jury to decide how long to spend considering the greater offense before turning to a consideration of lesser offenses or, stated differently, it is for the jury to decide whether, having failed to reach an agreement on guilt or innocence on a greater offense, to spend more time in an attempt to reach unanimous agreement on the greater offense or whether the time has come to turn to lesser offenses. The judge may also add that of course the jury will not turn to lesser offenses if it finds the defendant guilty of the greater offense.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and remand to that Court to consider whether any of the defendant's remaining issues constitute reversible error.

FITZGERALD, C.J., and KAVANAGH, WILLIAMS, LEVIN, COLEMAN, RYAN, and RILEY, JJ., concurred.

---

[4] See also *People v Jankowski,* 408 Mich 79, 93; 289 NW2d 674 (1980).