HOLOHAN, Chief Justice.
Appellant, John Matthew Wussler, was convicted after trial by jury of first-degree murder and first-degree burglary. He was sentenced to life imprisonment for the murder and to a concurrent term of seven years imprisonment for the burglary. This court has jurisdiction of this appeal pursuant to A.R.S. § 13-4031. We affirm.
The essential facts are that the appellant and the victim had both been drinking at the victim’s apartment. Later that evening, they argued, and the victim attacked the appellant, beat him, threatened him with a gun, and ordered him out of the apartment. Appellant left the victim’s apartment intending to borrow a gun to shoot the victim in retaliation for the victim’s abusive behavior.
Appellant returned home where he enlisted his roommate to drive appellant to a friend’s house. During the ride, appellant explained to his roommate that he needed to borrow a gun from his friend to shoot someone with whom he had fought. The roommate, upon learning appellant’s plan, stopped the car and ordered him to leave the car and walk the remaining distance to the friend’s house.
Appellant reached his destination, the home of David Lee Gooch, appellant’s codefendant, and asked to borrow a gun to use on the victim. Gooch refused at first, but later agreed to loan a gun to appellant. Gooch drove appellant to a point near the victim’s apartment.
Appellant walked the remaining distance to the victim’s apartment, looked through the screen door of the apartment, saw the victim who was asleep on the couch, and entered through the unlocked screen door. Gun in hand, appellant approached the couch, and fatally shot the victim. Additional facts will be presented when necessary for consideration of the issues.
Appellant raises four issues on appeal:
(1) Did the trial judge improperly instruct the jury that it could not consider lesser-included offenses until it had reached a unanimous decision on the charged offense?
(2) Did the trial court coerce the jury into returning a verdict?
(3) Did the trial court commit reversible error when it refused to sever appellant’s trial from that of his co-defendant?
(4) Did the trial judge commit reversible error when he refused to allow appellant to present evidence of the victim’s character?
JURY INSTRUCTION
Appellant argues that the trial court erred when it instructed the jury that it could not consider lesser-included offenses until it acquitted appellant of the charged offense, first-degree murder. The challenged instruction read:
Again, you will only consider the lesser offenses if you determine that the Defendant is not guilty of the greater offense. If you determine that the Defendant, for example, is guilty of first-degree murder you stop right there. It is only if you determine that he is not guilty of first-degree murder that then you will consider second-degree. If you find him guilty of second degree murder you do not concern yourselves with manslaughter.
If you find him not guilty of second degree murder then you will consider manslaughter, whether he is guilty or not guilty of that.
The state points out that at no time did appellant object to the instruction, nor did appellant request a different instruction. In fact, the appellant’s requested instructions arguably included an instruction that required the jury to acquit appellant on the *430 charged offense before conviction of the lesser included offenses.[1]
In State v. Zaragoza, 135 Ariz. 63, 659 P.2d 22 (1983), we noted our agreement with the United States Supreme Court that “ ‘[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.’ ” Id. at 66, 659 P.2d at 25, quoting Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203, 212 (1977). If a criminal defendant fails to object to an instruction, then that defendant may not claim error on appeal unless the instruction given amounts to fundamental error. State v. Zaragoza, 135 Ariz. at 66, 659 P.2d at 25; Ariz.R.Crim.P. 21.3(c), 17 A.R.S. Fundamental error is error that “goes to the foundation of the case, or * * * takes from a defendant a right essential to his defense.” State v. Mincey, 130 Ariz. 389, 397, 636 P.2d 637, 645 (1981), cert. denied, 455 U.S. 1003, 102 S.Ct. 1638, 71 L.Ed.2d 871 (1982), quoting State v. Pulliam, 87 Ariz. 216, 222, 349 P.2d 781, 785 (1960). We find no such error in the contested instruction.
The'appellant urges that the issue be considered because it has not previously been addressed in this state. Citing authority from Oregon and Michigan,[2] appellant contends that the challenged instruction improperly interferes with the jury’s deliberations. The state offers contrary authority that supports the instruction as given. An examination of the authorities cited persuades us that the better rule is that which requires the jury to acquit the defendant on the charged offense before considering the lesser-included offenses.
The instruction given closely resembles the instruction suggested in Devitt and Blackmar, Federal Jury Practice and Instructions § 18.05 (3rd ed. 1977).[3] Many jurisdictions have approved the propriety of instructions that require acquittal of the charged offense before the jury considers lesser offenses. See, e.g., United States v. Harvey, 701 F.2d 800 (9th Cir.1983); United States v. Moccia, 681 F.2d 61 (1st Cir.1982); Pharr v. Israel, 629 F.2d 1278 (7th Cir.1980), cert. denied, 449 U.S. 1088, 101 S.Ct. 880, 66 L.Ed.2d 815 (1981); United States v. Hanson, 618 F.2d 1261 (8th Cir.) cert. denied, 449 U.S. 854, 101 S.Ct. 148, 66 L.Ed.2d 67 (1980); Catches v. United States, 582 F.2d 453 (8th Cir.1978); United States v. Tsanas, 572 F.2d 340 (2d Cir.), cert. denied, 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978); Nell v. State, 642 P.2d 1361 (Alaska App.1982); Stone v. Superior Court, 183 Cal.Rptr. 647, 31 Cal.3d 503, 646 P.2d 809 (1982); Lamar v. State, 243 Ga. 401, 254 S.E.2d 353 (1979); State v. Wilkins, 34 N.C.App. 392, 238 S.E.2d 659 (1977); State v. McNeal, 95 Wis.2d 63, 288 N.W.2d 874 (App.1980). The instruction given in this case and the Oregon/Michigan instruction proposed by appellant each present benefits as well as detriments to the prosecution and defense. See United States v. Tsanas, 572 F.2d at 345-346. We find, however, that the instruction which requires an acquittal of the offense charged before consideration of lesser-included offenses provides for a more logical and orderly process for the guidance of the jury in its deliberations.
COERCED VERDICT
The appellant contends that the trial judge coerced the jury into returning a *431 verdict by stating that if they did not return a verdict that Friday by 5:30 or 6:00 p.m., he would require that they recess for the weekend and come back on Monday to continue deliberations.
The parties dispute the circumstances of the trial judge’s statement, the state maintaining that it was a statement made to counsel for the defense in response to counsel’s question, the defense styling it as an admonition to the jury. In any event the jury began deliberating at 10:40 a.m. and returned their verdicts at 6:15 p.m. They were provided lunch, and there is no suggestion that any attempt was made to hurry their deliberations. If they had not reached a verdict, the jurors were to be allowed to go to their homes and return on Monday for further deliberation. Considering the total circumstances, State v. Roberts, 131 Ariz. 513, 642 P.2d 858 (1982), the remark or admonition of the trial judge was not coercive.
SEVERANCE
Before and during trial, appellant urged the trial court to sever his trial from Gooch’s (codefendant) trial. The trial court denied the severance motions, and appellant assigns as error the failure to sever, arguing that his codefendant’s case, which included reputation evidence of appellant’s character, so prejudiced appellant’s case that appellant was denied a fair trial. The state contends that appellant has not shown prejudice in the joinder of the trials of appellant and his codefendant. The trial court gave a limiting instruction, which the state urges, cured any possible prejudice to appellant.
The issue presented in this appeal was specifically addressed in State v. Cruz, 137 Ariz. 541, 672 P.2d 470 (1983). In discussing when antagonistic defenses create enough prejudice to warrant severance we stated:
[A] defendant seeking severance based on antagonistic defenses must demonstrate that his or her defense is so antagonistic to the co-defendants that the defenses are mutually exclusive. Moreover, defenses are mutually exclusive within the meaning of this rule if the jury, in order to believe the core of the evidence offered on behalf of one defendant, must disbelieve the core of the evidence offered on behalf of the co-defendant.
Id. at 545, 670 P.2d at 474. This approach accomodates the interests of fair trials and judicial economy.
Applying this standard to appellant’s ease, we do not find the sort of antagonistic defenses that require reversal. The codefendant in his defense sought to show that the statements of appellant that he intended to kill were merely idle boasts. The codefendant and others testified that the appellant was hot tempered and liked to brag.
Both the appellant and the codefendant had given statements to the police which were interlocking. The defense offered by the codefendant was not antagonistic to that of the appellant. The appellant’s defense was provocation caused by the extreme acts of the victim. The evidence offered by the codefendant tended to confirm appellant’s position that he was so provoked by the encounter with the victim that he acted without premeditation and in the heat of passion.
The appellant also contends that his codefendant’s evidence painting the appellant as a bragger served to reflect on appellant’s credibility. This point would be more compelling if the evidence at trial had presented a serious question of credibility or of the appellant's guilt. If the jury believed the appellant’s testimony, that testimony established only one crime, premeditated murder. The evidence presented by the appellant was to the effect that the victim had abused and beaten him, held him hostage and threatened him, and finally ended the encounter by ordering appellant out of the victim’s apartment. The appel *432 lant was enraged at this treatment, which rage was heightened by his intoxication.
Over the next several hours the appellant went to his apartment, convinced his roommate to leave a poker game to give him a ride to his codefendant’s house, walked part of the way to the codefendant’s house, talked to the codefendant, asked for a gun, drank beer, rode to another location to borrow a gun, rode back to a location near the victim’s apartment, received a loaded gun from the codefendant, and walked to the victim’s apartment. The appellant saw the victim asleep on the couch, entered, slapped the victim in the face and shot him killing him instantly. Appellant returned to his apartment, and was joined by the codefendant and another friend. They drank beer, and appellant told them he had shot the victim. The following day the appellant turned himself in to the police and made a confession.
If there was any prejudice in the joinder of the two cases, it was harmless in light of the appellant’s version of the facts.
CHARACTER EVIDENCE OF VICTIM
Appellant contends that the trial court erred when it refused to allow appellant to introduce evidence of the victim’s character. This contention is completely meritless. Although the character of the victim may be relevant under Rule 404(a)(2), Ariz.R.Evid., 17A A.R.S., relevancy here means that either self-defense as an issue has been raised, or there is some evidence that the victim was the initial aggressor. See State v. Hicks, 133 Ariz. 64, 649 P.2d 267 (1982); Sullivan v. State, 47 Ariz. 224, 55 P.2d 312 (1936); 1 M. Udall and J. Livermore, Arizona Practice, Law of Evidence, § 82 (2d ed. 1982). In this case, there is not a shred of evidence to suggest the relevancy of the victim’s character. What the record does show is that appellant deliberately walked up to the sleeping victim, shooting twice from within two feet. “That being so, the decedent’s reputation and petitioner’s knowledge of it were not relevant.” United States ex rel. Rooney v. Housewright, 568 F.2d 516, 520 (7th Cir.1977).
Pursuant to A.R.S. § 13-4035, we have reviewed the record and find no fundamental error. The judgments of conviction and sentence are affirmed.
GORDON, V.C.J., and HAYS and CAMERON, JJ., concur.

. The trial court gave appellant’s requested 1.03 of the Recommended Arizona Jury Instructions (Criminal) (1980), entitled “Lesser Included Offense.” The instruction requires a jury, before finding a defendant guilty of the less serious crime, to conclude that the "evidence does not show beyond a reasonable doubt that the defendant is guilty of [the greater offense].”

. State v. Ogden, 35 Or.App. 91, 580 P.2d 1049 (1978); People v. Hurst, 396 Mich. 1, 238 N.W.2d 6, 82 A.L.R.3d 235 (1976).

. The relevant portion reads: "So, if the jury should unanimously find the accused 'Not Guilty’ of the crime charged in the indictment (information) then the jury must proceed to determine the guilt or innocence of the accused as to any lesser offense which is necessarily included in the crime charged.”