924 P.2d 441

**STATE of Arizona, Appellee,**

v.

**Larry Francis LeBLANC, Appellant.**

**No. CR–95–0217–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 5, 1996.

438

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals, R. Wayne Ford, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

ZLAKET, Vice Chief Justice.

Defendant was convicted of driving under the influence of intoxicants on a suspended or revoked license (aggravated DUI). *See* A.R.S. §§ 28–692(A)(1), –697(A)(1). At trial, the court gave the following jury instruction:

> The crime of aggravated driving while under the influence of intoxicating liquor includes the less serious crime of driving on a suspended or revoked license. You may find the defendant guilty of the less serious crime of driving on a suspended or revoked license only if you find unanimously that the State has failed to prove the more serious crime of aggravated driving while under the influence of intoxicating liquor beyond a reasonable doubt but has proved the less serious crime of driving on a suspended or revoked license beyond a reasonable doubt.

This conforms with Recommended Arizona Jury Instructions, Standard Criminal 22 (1989), and *State v. Wussler*, 139 Ariz. 428, 679 P.2d 74 (1984).

■ The court of appeals affirmed the conviction in a memorandum decision. In his petition for review, defendant challenges *Wussler* and argues that the instruction denied him full benefit of the reasonable doubt standard, thereby violating his due process rights under the Fifth Amendment to the United States Constitution and Article 2, Section 4 of the Arizona Constitution.

In *Wussler*, a majority of this court approved an instruction requiring "the jury to acquit the defendant on the charged offense before considering the lesser-included offenses." 139 Ariz. at 430, 679 P.2d at 76. Under that directive, all jurors must agree to a finding of not guilty on the greater offense before they can begin to discuss anything less. *Wussler* rested on the assumption that such a requirement would provide "a more logical and orderly process for the guidance of the jury in its deliberations." *Id.* Because this premise is of questionable validity and the acquittal-first requirement provides jurors far too little flexibility in reaching a just result, we are persuaded to reconsider that decision. *See generally* Sharon I. Kurn, Note, *State v. Wussler: An Unfortunate Change in Arizona's Lesser–Included Offense Jury Instruction*, 27 Ariz.L.Rev. 515 (1985).

■ It now appears that requiring a jury to do no more than use reasonable efforts to reach a verdict on the charged offense is the better practice and more fully serves the interests of justice and the parties. Under this method, jurors may render a verdict on a lesser-included offense if, after full and careful consideration of the evidence, they are unable to reach agreement with respect to the charged crime. Thus, the jury may deliberate on a lesser offense if it either (1) finds the defendant not guilty on the greater charge, or (2) after reasonable efforts cannot agree whether to acquit or convict on that charge.

We believe the "reasonable efforts" procedure is superior to the acquittal-first requirement for a number of reasons. First, it reduces the risks of false unanimity and coerced verdicts. When jurors harbor a doubt as to guilt on the greater offense but are convinced the defendant is culpable to a lesser degree, they may be more apt to vote for conviction on the principal charge out of fear that to do otherwise would permit a guilty person to go free. *See State v. Fletcher*, 149 Ariz. 187, 193, 717 P.2d 866, 872 (1986) (Feldman, J., concurring); *State v. Allen*, 301 Or. 35, 717 P.2d 1178, 1180–81 (1986); *U.S. v. Jackson*, 726 F.2d 1466, 1469 (9th Cir.1984). The "reasonable efforts" approach also diminishes the likelihood of a

hung jury, and the significant costs of retrial, by providing options that enable the fact finder to better gauge the fit between the state's proof and the offenses being considered. *State v. Labanowski,* 117 Wash.2d 405, 816 P.2d 26, 34 (1991). Lastly, because such an instruction would mandate that the jury give diligent consideration to the most serious crime first, the state's interest in a full and fair adjudication of the charged offense is adequately protected.

■ The state advances several arguments in opposition to this procedural change. It claims that: (1) the coercive threat referred to above is present under any format or procedure for reaching a verdict, including the "reasonable efforts" method; (2) a jury should not be encouraged to reach a compromise verdict; (3) the greater offense may not be reached and considered at all by the jury if the *Wussler* requirement is abandoned; and (4) one holdout juror could force his or her will on the majority. We believe these fears to be unfounded. Jurors are presumed to follow instructions. *State v. Herrera,* 174 Ariz. 387, 395, 850 P.2d 100, 108 (1993). Moreover, experience teaches us that they possess both common sense and a strong desire to properly perform their duties.

In fact, today's decision is entirely consistent with modern legal theory regarding the optimal use and management of juries. *See* Ariz. Sup.Ct. Order No. R–94–0031/R–92–0004 (filed Oct. 24, 1995) (amending various rules and standards as part of jury system reform); *see also Jurors: The Power of 12,* Report of the Arizona Supreme Court Committee on More Effective Use of Juries (Nov. 1994); B. Michael Dann and George Logan III, *Jury Reform: The Arizona Experience,* 79 Judicature 209, 280 (1996). For too long, we have treated jurors like untrustworthy children instead of responsible adults, insulting their individual and collective intelligence by attempting to micromanage their discussions and deliberations. *Wussler* is an example of this unwarranted intrusion and, as noted previously, is fraught with dangers of its own. As with other recently abandoned traditions surrounding juries, there is nothing particularly sacred about the acquittal-first procedure. What we do today is neither radical nor novel, but actually predates *Wussler.* As our current chief justice noted in that case:

> I would hold that it is proper for the court to instruct the jury that they are first to consider the offense charged and, if they cannot agree upon a verdict of guilt on that charge, they are then to consider the lesser included offenses. *This was the practice previously followed in Arizona.* See Recommended Arizona Jury Instructions (Criminal)(1980) No. 1.03, which tells the jury, in effect, that they may consider lesser included offenses if the evidence does not warrant conviction of the offense charged. This leaves the jury free to compromise where they have been unable to agree on the principal charge. In my view, we should continue with the RAJI instruction.

139 Ariz. at 433, 679 P.2d at 79 (Feldman, J., specially concurring) (emphasis added).

■ In revisiting this issue, we are "mindful that precedents of the court should not lightly be overruled and certainly not for reasons so inconsequential as a change of personnel on the court." *State v. Crowder,* 155 Ariz. 477, 483, 747 P.2d 1176, 1182 (1987) (Moeller, J., concurring in part, dissenting in part). Simple disagreement with past majorities is likewise not an adequate basis for overruling their decisions. *Wiley v. Industrial Comm'n of Arizona,* 174 Ariz. 94, 103, 847 P.2d 595, 604 (1993). At the same time, however, we have an obligation to "pay constant attention to developments in court procedures" and to reassess those that we think can be improved. *Hedlund v. Sheldon,* 173 Ariz. 143, 144, 840 P.2d 1008, 1009 (1992). As in *State v. Salazar,* we are dealing here with court-created procedure, not an interpretation of constitutional text, statutory provision, or substantive common law principle. *See* 173 Ariz. 399, 417, 844 P.2d 566, 584 (1992), *cert. denied,* 509 U.S. 912, 113 S.Ct. 3017, 125 L.Ed.2d 707 (1993) (discontinuing proportionality review of death sentences).

■ Although today's decision directs trial courts to abandon the *Wussler* rule in favor of a "reasonable efforts" instruction, we remain persuaded that the acquittal-first requirement does not violate the United States

or Arizona Constitutions. *See U.S. v. Tsanas*, 572 F.2d 340, 346 (2nd Cir.), *cert. denied*, 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978) (holding neither form of instruction wrong as a matter of law). Moreover, the giving of a *Wussler*-type instruction does not rise to the level of fundamental error. *See People v. Handley*, 415 Mich. 356, 329 N.W.2d 710, 712 (1982).

■ Finally, because the change we make today is procedural in nature, adopted for purposes of judicial administration, its application is prospective only. *See, e.g., State v. Portillo*, 182 Ariz. 592, 898 P.2d 970 (1995) (applying new reasonable doubt instruction prospectively where prior RAJI definition of reasonable doubt satisfied due process); *State v. Hooper*, 145 Ariz. 538, 547, 703 P.2d 482, 491 (1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986) (applying a revised non-constitutional rule of criminal procedure prospectively).

Beginning no later than January 1, 1997, trial courts shall give a "reasonable efforts" instruction in every criminal case involving lesser-included offenses. To the extent *Wussler* and *State v. Staatz*, 159 Ariz. 411, 768 P.2d 143 (1988), conflict with this decision, they are disapproved. However, because we find no reversible error in the present record, defendant's conviction is affirmed.

FELDMAN, C.J., concurring.

MOELLER, Justice, specially concurring.

In *State v. Staatz*, 159 Ariz. 411, 416, 768 P.2d 143, 148 (1988), we were asked to revisit the then-recent *Wussler* case. I joined the majority of the court in declining to do so. Developments since that time, which include increased experience with the *Wussler* instruction and further development of arguments in favor of a "reasonable efforts" instruction, *see, e.g., State v. Sawyer*, 227 Conn. 566, 630 A.2d 1064, 1075–81 (1993) (Katz, J., dissenting), have convinced me that this is now an appropriate time and case in which to revisit *Wussler*. Having done so, I agree with the majority that the "reasonable efforts" instruction is preferable to the *Wussler* instruction. Because, as the majority notes, we deal here with a matter of court procedure and practice, I feel free to join the majority in holding that the *Wussler* approach should give way to a "reasonable efforts" approach prospectively. *See State v. Salazar*, 173 Ariz. 399, 417, 844 P.2d 566, 584 (1992), *cert. denied*, 509 U.S. 912, 113 S.Ct. 3017, 125 L.Ed.2d 707 (1993).

MARTONE, Justice, concurring in the judgment.

I join the court in affirming the conviction, but I am not persuaded that *Wussler* should be overruled.

I acknowledge that there is "a wide divergence of opinion" on this issue. *State v. Daulton*, 518 N.W.2d 719, 721 (N.D.1994); *see also* Jay M. Zitter, Annotation, *When Should Jury Deliberations Proceed from Charged Offense to Lesser–Included Offense*, 26 A.L.R. 5th 603 (1995). But of the courts that have addressed the issue, a majority has approved of the *Wussler* "acquittal-first" approach.

At least four alternatives exist. Twelve states and one federal circuit use the "acquittal-first" instruction. See *People v. Padilla*, 638 P.2d 15, 17–18 (Colo.1981); *State v. Sawyer*, 227 Conn. 566, 630 A.2d 1064, 1075 (1993); *State v. Townsend*, 124 Idaho 881, 865 P.2d 972, 979 (1993); *Walker v. State*, 671 So.2d 581, 607–08 (Miss.1995); *State v. Van Dyken*, 242 Mont. 415, 791 P.2d 1350, 1361, *cert. denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 251 (1990); *State v. Jones*, 245 Neb. 821, 515 N.W.2d 654, 656–59 (1994); *State v. Taylor*, 677 A.2d 1093, 1097 (N.H. 1996); *People v. Boettcher*, 69 N.Y.2d 174, 513 N.Y.S.2d 83, 86–87, 505 N.E.2d 594, 597–98 (1987); *State v. Wilkins*, 34 N.C.App. 392, 238 S.E.2d 659, 665, *review denied*, 294 N.C. 187, 241 S.E.2d 516 (1977); *State v. Daulton*, 518 N.W.2d 719, 721–22 (N.D.1994); *Commonwealth v. Hart*, 388 Pa.Super. 484, 565 A.2d 1212, 1216 (1989), *appeal denied*, 525 Pa. 642, 581 A.2d 569 (1990); *State v. McPherson*, 882 S.W.2d 365, 375–76 (Tenn. Crim.App.1994); *United States v. Moccia*, 681 F.2d 61, 64 (1st Cir.1982).

Two states use a modified "acquittal-first" instruction, which allows the jury to consider the lesser included offense before acquitting

on the greater charge, but still requires the jury to unanimously acquit on the greater charge before returning a verdict on the lesser offense. See *Dresnek v. State,* 697 P.2d 1059, 1060–64 (Alaska App.), *aff'd,* 718 P.2d 156 (Alaska 1986), *cert. denied,* 479 U.S. 1021, 107 S.Ct. 679, 93 L.Ed.2d 729 (1986); *People v. Kurtzman,* 46 Cal.3d 322, 250 Cal. Rptr. 244, 248–53, 758 P.2d 572, 576–80 (1988).

Ten states use the "reasonable efforts" instruction. See *Cantrell v. State,* 266 Ga. 700, 469 S.E.2d 660, 662 (1996); *State v. Ferreira,* 8 Haw.App. 1, 791 P.2d 407, 408–09, *cert. denied,* 71 Haw. 668, 833 P.2d 901 (1990); *State v. Korbel,* 231 Kan. 657, 647 P.2d 1301, 1305 (1982); *People v. Handley,* 415 Mich. 356, 329 N.W.2d 710, 712 (1982); *State v. Wise,* 879 S.W.2d 494, 517 (Mo.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 757, 130 L.Ed.2d 656 (1995); *State v. Chamberlain,* 112 N.M. 723, 819 P.2d 673, 680 (1991); *State v. Thomas,* 40 Ohio St.3d 213, 533 N.E.2d 286, 292–93 (1988), *cert. denied,* 493 U.S. 826, 110 S.Ct. 89, 107 L.Ed.2d 54 (1989); *State v. Allen,* 301 Or. 35, 717 P.2d 1178, 1180–81 (1986); *State v. Labanowski,* 117 Wash.2d 405, 816 P.2d 26, 31–36 (1991); *State v. Truax,* 151 Wis.2d 354, 444 N.W.2d 432, 436 (Ct.App.), *rev. denied,* 151 Wis.2d 354, 446 N.W.2d 286 (1989).

Three federal circuits, the District of Columbia, and Vermont use the "optional approach," which allows the defendant to choose between the "acquittal-first" and "reasonable efforts" instructions. See *United States v. Tsanas,* 572 F.2d 340, 346 (2d Cir.)(formulating the optional approach), *cert. denied,* 435 U.S. 995, 98 S.Ct. 1647, 56 L.Ed.2d 84 (1978); *Catches v. United States,* 582 F.2d 453, 459 (8th Cir.1978); *United States v. Jackson,* 726 F.2d 1466, 1469 (9th Cir.1984); *Jones v. United States,* 620 A.2d 249, 252 (D.C.1993); *State v. Powell,* 158 Vt. 280, 608 A.2d 45, 47 (1992).

The court now chooses to abandon the "acquittal-first" instruction. But its arguments—the reduced risk of a coerced verdict and a hung jury—were advanced and rejected in *Wussler. See Wussler,* 139 Ariz. at 433, 679 P.2d at 79 (Feldman, J., specially concurring). And there is no new evidence of juror coercion or an increased number of mistrials since *Wussler* to support change now. Nor am I aware of any other "increased experience" or "further development" in this area. *Ante,* at 444 (Moeller, J., specially concurring).

In contrast, the "acquittal-first" instruction has its advantages. From the defendant's standpoint, it may prevent any conviction at all. From the state's standpoint, it tends to avoid a compromise verdict, which deprives the state of a re-trial on the greater charge. *See United States v. Tsanas,* 572 F.2d 340, 346 (2d Cir.1978). Judge Friendly's insight in *Tsanas* is as true today as it was in 1978: the advantages and disadvantages of the instructions are mirror images of each other. *Id.*

We ought not fear overruling a case when it is wrongly decided. Thus, if the court's approach were plainly superior to that of *Wussler,* I would not hesitate to get on board. *See, e.g., State v. DePiano,* 187 Ariz. 27, 926 P.2d 494 (1996). But neither approach is plainly superior to the other. Under these circumstances, certainty and stability in the law tip the balance in favor of preserving *Wussler.*

ROBERT J. CORCORAN, J. (Retired), did not participate in the determination of this matter.