IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                )
                                     )          2 CA-CR 2007-0156
                        Appellee,    )          DEPARTMENT A
                                     )
            v.                       )          O P I N I O N
                                     )
ROBERT CARLOS GARCIA,                )
                                     )
                        Appellant.   )
                                     )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20053302

Honorable Hector E. Campoy, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Laura P. Chiasson                                    Tucson
                                                              Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Robb P. Holmes                                                           Tucson
                                                             Attorneys for Appellant

B R A M M E R, Judge.

¶1 Following a jury trial, Robert C. Garcia was convicted of second-degree murder. The trial court sentenced him to a partially mitigated, thirteen-year prison term. On appeal, he contends the court committed fundamental error in instructing the jury.

¶2 The facts of the crime are not relevant to the issue on appeal. The trial court instructed the jury on the elements of first- and second-degree murder and manslaughter, all of which were supported by the evidence. Garcia contends the court's instructions "misstated the law and prevented the jury from properly considering whether Garcia was guilty of second-degree murder or manslaughter." Because Garcia failed to object at trial, we review the instructions for fundamental error only, that is, for "'error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial.'" *State v. Henderson*, 210 Ariz. 561,¶ 19, 115 P.3d 601, 607 (2005), *quoting State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984). "To prevail under this standard of review, a defendant must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id*. ¶ 20. In order to do so, he "must first prove error." *Id*. ¶ 23.

¶3 The trial court instructed the jury that second-degree murder is a lesser included offense of first-degree murder and that manslaughter is a lesser included offense of second-degree murder. It permitted the jury to consider second-degree murder if it found Garcia "not guilty of first degree murder" or if, "[a]fter a full and careful consideration of the facts," the jury could not "agree on whether to find [Garcia] guilty or not guilty of first

2

degree murder." Likewise, it permitted the jury to consider the offense of manslaughter if it found Garcia "not guilty of second degree murder" or could not agree on whether to find him guilty or not guilty of that offense "[a]fter full and careful consideration of the facts." Garcia contends "the instruction should have stated that[,] if the jury found Garcia not guilty or w[as] unable to reach a verdict on first-degree murder, then [it] needed to decide whether he committed second-degree murder or manslaughter." He argues that, "[i]f the jur[ors] followed the instructions as the court gave them, they would never have reached the issue of whether Garcia committed manslaughter because they did not find him not guilty of second-degree murder as the instruction required." Essentially, he contends the court should have instructed the jury to consider second-degree murder and manslaughter simultaneously. But we find no authority requiring such an instruction.

¶4        In *State v. Wussler*, 139 Ariz. 428, 430, 679 P.2d 74, 76 (1984), our supreme court held that a jury must find a defendant not guilty of the charged or greater offense before considering a lesser offense. Wussler was convicted of first-degree murder. *Id*. at 429, 679 P.2d at 75. But the trial court had instructed the jury on the lesser included offenses of second-degree murder and manslaughter, and the supreme court approved the following instruction:

> [Y]ou will only consider the lesser offenses if you determine that the Defendant is not guilty of the greater offense. If you determine that the Defendant, for example is guilty of first-degree murder you stop right there. It is only if you determine that he is not guilty of first-degree murder that then you will

3

consider second-degree. If you find him guilty of second degree murder you do not concern yourselves with manslaughter.

*Id*. The court's decision was based on a perceived need to "provide[] for a more logical and orderly process for the guidance of the jury in its deliberations." *Id*. at 430, 679 P.2d at 76.

**¶5**     In *State v. LeBlanc*, 186 Ariz. 437, 439, 924 P.2d 441, 443 (1996), however, the supreme court questioned the premise of the *Wussler* decision that it was necessary to "micromanage" jury discussions and deliberations. The court recognized that juries "possess both common sense and a strong desire to properly perform their duties" and ought to be treated like "responsible adults" rather than "untrustworthy children." *Id*. The court determined "the better practice" was to allow a jury to "deliberate on a lesser offense if it either (1) finds the defendant not guilty on the greater charge, or (2) after reasonable efforts cannot agree whether to acquit or convict on that charge." *Id*. at 438, 924 P.2d at 442. It then directed trial courts to "give a 'reasonable efforts' instruction in *every criminal case involving lesser-included offenses*." *Id*. at 440, 924 P.2d at 444 (emphasis added).

**¶6**     Garcia does not contest the state's assertion the trial court's instruction in this case complied with *LeBlanc*. He contends, however, that manslaughter "has a more unusual relationship to second-degree murder than the instruction takes into account" because sometimes it requires a defendant to have committed second-degree murder in order to be found guilty of manslaughter. *See Peak v. Acuna*, 203 Ariz. 83, ¶ 6, 50 P.3d 833, 834 (2002). For example, under A.R.S. § 13-1103(A)(2), a person commits manslaughter by committing second-degree murder "upon a sudden quarrel or heat of passion resulting from adequate

4

provocation by the victim."[1]  Therefore, he asserts, by instructing the jury that it must first either find him not guilty of second-degree murder or be unable to agree on his guilt for that offense, the court prevented the jury from considering that definition of manslaughter.

¶7        We recognize the logic in Garcia's argument; however, we are not convinced that the instruction prevented the jury from considering manslaughter.  The trial court clearly explained that sudden-quarrel or heat-of-passion manslaughter included the elements of second-degree murder.  And it instructed the jury to "consider all [of the court's] instructions" and to refrain from "pick[ing] out one instruction or part of one and ignor[ing] the others." Garcia has not convinced us the jury failed to understand the relationship between the two crimes before it began deliberating and applied that knowledge in determining whether to find Garcia guilty or not guilty of second-degree murder.  Although the jury was instructed to consider whether to return a guilty verdict on second-degree murder before considering the manslaughter charge, it was not instructed to disregard the definition of manslaughter in so doing.

¶8        Moreover, even if we conclude that at least the potential for confusion exists in giving a *LeBlanc*-type instruction for cases involving manslaughter as a lesser included offense of first-degree murder, we have no authority to overrule or disregard the decisions of

_____

[1]Similarly, under § 13-1103(A)(4), a person commits manslaughter by committing second-degree murder while being coerced to do so by the threat or use of unlawful deadly physical force.  Because the jury was not instructed pursuant to § 13-1103(A)(4), however, we discuss only manslaughter upon a sudden quarrel or in the heat of passion.

our supreme court. *State v. Newnom*, 208 Ariz. 507, ¶ 8, 95 P.3d 950, 951 (App. 2004). As noted above, the court in *LeBlanc* directed that a reasonable-efforts instruction be given "in every criminal case involving lesser-included offenses." 186 Ariz. at 440, 924 P.2d at 444. It included no exceptions for specific crimes. Further, the court in *LeBlanc* specifically stated that the instruction approved in *Wussler*, a case that involved the very crimes at issue here, did "not violate United States or Arizona Constitutions," and "the giving of a *Wussler*-type instruction does not rise to the level of fundamental error." *LeBlanc*, 186 Ariz. at 439-40, 924 P.2d at 443-44; *see Wussler*, 139 Ariz. at 429, 679 P.2d at 75. That said, we likewise have no basis for concluding that giving a *LeBlanc*-type instruction amounts to fundamental error.

¶9         Garcia's conviction and sentence are affirmed.[2]


                                                    _____
                                                    J. WILLIAM BRAMMER, JR., Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
JOHN PELANDER, Chief Judge


_____

        [2]We decline to consider Garcia's argument, raised for the first time in his reply brief, that "[t]he sequential instruction approved in *LeBlanc* violates" the provisions of A.R.S. § 13-115(B). *See State v. Ruggiero*, 211 Ariz. 262, n. 2, 120 P.3d 690, 695 n.2 (App. 2005).