GOULD, J., concurring.
 

 ¶26 I concur in the Court's opinion. The Court faithfully applies the reasonable-efforts framework set out by
 
 State v. LeBlanc
 
 ,
 
 186 Ariz. 437
 
 ,
 
 924 P.2d 441
 
 (1996), and correctly notes that "[t]he State here did not ask us to reconsider
 
 LeBlanc
 
 ."
 
 Supra
 
 ¶ 21. In my view, however, its conclusion that double jeopardy attaches when a jury enters an "unable to agree" verdict raises serious concerns about
 
 LeBlanc
 
 .
 

 ¶27
 
 LeBlanc
 
 never addressed the double jeopardy consequences of a jury reaching an "unable to agree" verdict. Generally, when a jury is hung, double jeopardy does not attach.
 

 Richardson v. United States
 
 ,
 
 468 U.S. 317
 
 , 324,
 
 104 S.Ct. 3081
 
 ,
 
 82 L.Ed.2d 242
 
 (1984) (holding "a retrial following a 'hung jury' does not violate the Double Jeopardy Clause"). However, under
 
 LeBlanc
 
 , a verdict of "unable to agree" may, but does not
 
 necessarily
 
 , mean that the jurors are hung on the greater offense.
 
 See
 

 supra
 
 ¶ 17.
 

 ¶28 Compounding this problem is the fact that
 
 LeBlanc
 
 's approach "does not lend itself to a ready opportunity for the prosecution to seek a mistrial based on a deadlocked jury."
 
 See
 

 supra
 
 ¶ 21. As a practical matter,
 
 LeBlanc
 
 provides no opportunity for the state to seek a mistrial. For example, in the typical case, if the jurors are truly hung on a charge, they can advise the judge that they are at an impasse. However, because
 
 LeBlanc
 
 only requires the jurors to engage in "reasonable efforts" in considering the greater charge (rather than having to actually agree on a verdict of guilty or not guilty), it seems unlikely that they would advise the judge that they are at an impasse-particularly when they can simply state they are "unable to agree" and move on to the lesser charge.
 

 ¶29 Requesting the judge to poll the jury is also not a viable option. When the
 
 LeBlanc
 
 verdict form is returned to the court, the jury has already reached a verdict on the lesser offense. Under these circumstances, why would the prosecutor request the judge to poll the jury about their "unable to agree" verdict on the greater charge? Worse yet, what if the jury responds they are not hung, and they request assistance from the court in breaking the impasse?
 
 See
 
 Ariz. R. Crim. P. 22.4 & cmt. (stating the trial judge may assist a jury at an impasse by "giving additional instructions; clarifying earlier instructions; directing the attorneys to make additional closing argument; reopening the evidence for limited purposes; or a combination of these measures"). Would the judge allow additional arguments or evidence, and then instruct the jurors to resume their deliberations on the greater charge? Obviously not. After all, given the fact that the jury has already reached a verdict on the lesser offense, any new deliberations on the greater offense are barred by double jeopardy.
 
 Brown v. Ohio
 
 ,
 
 432 U.S. 161
 
 , 168-69,
 
 97 S.Ct. 2221
 
 ,
 
 53 L.Ed.2d 187
 
 (1977) (holding that double jeopardy bars a prosecution for a greater offense after a conviction for a lesser-included offense).
 

 ¶30 As the Court notes, jeopardy attaches if the "state had a full and fair opportunity to try the defendant on a charge and the jury refused to convict."
 
 Supra
 
 ¶ 12;
 
 see
 

 Green v. United States
 
 ,
 
 355 U.S. 184
 
 , 191,
 
 78 S.Ct. 221
 
 ,
 
 2 L.Ed.2d 199
 
 (1957). However, is this the case when the jury states it is "unable to agree"? With such an amorphous verdict, how can we conclude the state has indeed had a full and fair opportunity to try the defendant on the greater charge, or that the jury
 
 refused
 
 to convict on that charge?
 
 See
 

 Arizona v. Washington
 
 ,
 
 434 U.S. 497
 
 , 505,
 
 98 S.Ct. 824
 
 ,
 
 54 L.Ed.2d 717
 
 (1978) (holding that the state is entitled to one complete opportunity to prove the case, but double jeopardy does not bar retrial on the same charges if the "proceeding is terminated without finally resolving the merits of the charges against the accused").
 

 ¶31 Before
 
 LeBlanc
 
 , Arizona used the "acquittal-first" approach adopted in
 
 State v. Wussler
 
 ,
 
 139 Ariz. 428
 
 ,
 
 679 P.2d 74
 
 (1984). Under that approach, the jury was required to acquit the defendant on the greater charge before considering the lesser charge. I understand
 
 LeBlanc
 
 's concern with the "acquittal-first" approach, although in fairness, there are advantages and disadvantages to both the acquittal-first and reasonable-efforts approaches.
 
 See
 

 LeBlanc
 
 ,
 
 186 Ariz. at 439
 
 ,
 
 924 P.2d at 443
 
 (discussing the advantages of the reasonable-efforts approach over the acquittal-first approach);
 

 id.
 

 at 440-41
 
 ,
 
 924 P.2d at 444-45
 
 (Martone, J., concurring in the judgment) (compiling cases and discussing the advantages of the acquittal-first approach). Indeed, the debate about which approach is best (as well as other alternatives) existed before
 
 LeBlanc
 
 and persists to this day.
 
 See
 

 United States v. Tsanas
 
 ,
 
 572 F.2d 340
 
 , 344-46 (2d Cir. 1978) (compiling cases and discussing the advantages and disadvantages for both the government and defendant under the acquittal-first and reasonable-efforts approaches);
 
 State v. Davis
 
 ,
 
 266 S.W.3d 896
 
 , 904-08 (Tenn. 2008) (same); Michael K. Kaiser, Note,
 Blueford v. Arkansas
 
 : Why the United States Supreme Court's Construction of Arkansas's Criminal Transitional Jury Instructions Is Not Binding on Arkansas Courts
 
 ,
 
 66 Ark. L. Rev. 1083
 
 , 1096-1101 (2013) (discussing the various approaches to lesser-included offense instructions and compiling cases regarding the same).
 

 ¶32 Although there is room for debate on this issue, in my view the primary weakness of
 
 LeBlanc
 
 is that it never addressed the problem we face today: the double jeopardy consequences of allowing a jury to proceed to a lesser charge based on a verdict of "unable to agree." In contrast, despite its faults, the acquittal-first approach plainly and clearly resolves the double jeopardy issue.
 

 ¶33 The Court states that it does "not foreclose the possibility" of reexamining
 
 LeBlanc
 
 's approach "in a future case or rule petition."
 
 Supra
 
 ¶ 21. For the reasons discussed above, I believe the Court's openness to this possibility is wise.