No. 30,057.

PAUL TANEYHILL et al., *Appellants*, v. THE CITY OF KANSAS CITY et al., *Appellees*.

(3 P. 2d 645.)

Opinion filed October 10, 1931.

*Thomas A. Pollock,* of Kansas City, for the appellants.

*L. S. Harvey,* city attorney, *Alton H. Skinner, John C. O'Brien,* assistant city attorneys, *J. O. Emerson, E. S. McAnany, Maurice L. Alden* and *Thomas M. Van Cleave,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Paul Taneyhill and others against Kansas City, the commissioners, and the clerk of the city, the J. A. Tobin Construction Company, and the Riverview State Bank, to enjoin the levy and collection of special assessments for the improvement of a portion of Kansas avenue in that city, which had been designated as a part of one of the main arterial traffic ways of the city. A demurrer to plaintiff's petition, on the ground that the pleading did not state a cause of action in favor of plaintiffs, was sustained, and plaintiffs have appealed from that decision.

In the petition it was alleged, in substance, that the governing body of Kansas City, in pursuance of the authority conferred by chapter 132 of the Laws of 1929, had passed certain ordinances establishing main arterial traffic ways, one of which was a part of Kansas avenue, and that this body had proceeded to and improved a section of that avenue under the authority of the act named, and had enacted an ordinance levying special assessments on property within the benefit district without any petition from property

owners for such improvement. The record shows that on May 14, 1929, the initiatory steps were taken by the governing body of the city towards the establishment of the Kansas avenue traffic way. Later, and on July 2, 1929, ordinances were passed by the city providing for the paving and recurbing of the avenue and providing for the payment of the improvement. On July 8, 1929, notices were sent to contractors and proposals for the making of the improvement were asked. The notices stated that one-half of the cost of the work was to be paid for with improvement bonds of the city or cash, at its option, and the other half in tax bills or special assessments on the property owners of the district. A city engineer's estimate of the cost of the improvement was made on the unit plan and a contract let to the J. A. Tobin Construction Company. The work was completed and the engineer's final estimate made and filed with the city commissioners on November 14, 1929. The plaintiffs raise a multitude of questions and they have subdivided and expanded their objections to the act, the city ordinances and the steps taken by the city authorities thereunder, to fifty-nine in number, and then pray that the defendants be perpetually enjoined from the collection of any taxes or assessments for the improvement.

Plaintiffs first attack the validity of the act providing for the establishment of main arterial highways in first-class cities having more than 115,000 inhabitants, claiming that it is unconstitutional, in that it is a special act for which a general law could be made applicable. The same question was raised respecting the same act in *State, ex rel., v. French,* 130 Kan. 464, 286 Pac. 204, where the act was held to be valid. Counsel for plaintiffs cite many authorities on the question, but evidently failed to find the recent one, which is directly in point. In view of that decision there is no occasion to reconsider the point. (See, also, *Baird v. City of Wichita,* 128 Kan. 100, 276 Pac. 77.)

Plaintiffs contend that the act is invalid because of the proviso in the second section of the act, which provides that: "The governing body shall never designate and establish as main arterial traffic ways more than ten such streets or avenues." It is said that the legislature has undertaken to enact irrepealable legislation. Aside from the word "never" there is nothing in the law which contemplates that the act may not be amended or repealed by subsequent legislatures, and even if that had been the purpose it would have been

without effect. It is clear that the legislature cannot bind its successor as to the amendment or repeal of its laws. (*Gilleland v. Schuyler*, 9 Kan. 569.) The legislature of 1929 is presumed to have known the scope of its powers and that it could not enact irrepealable legislation, especially where the supreme court had previously decided that it was not within the power of a legislature to bind its successor. It is manifest that it was not the intention of the legislature of 1929 to circumscribe the action of any future legislature. The language of the proviso is no more than to say that during the existence of the act or until it was amended or repealed not more than ten traffic ways should be established.

No constitutional·defect is discovered in the title of the act which is challenged or in the application of the funds to the improvement provided for by the legislature or for lack of restrictions required under article 12, section 5, of the constitution. (*State, ex rel., v. French,* supra.) Nor is there anything in the claim that the act must be regarded as the denial of due process or the equal protection of the law.

Plaintiffs contend that the establishment of the traffic way in question results in more than ten traffic ways in the city, and that several streets or parts of streets are improperly included in a single main arterial traffic way. First, the act is prospective in its nature and authorizes the governing body thereafter to establish ten traffic ways. The authority was not limited by the fact that there may have been other main traffic ways in the city when the act was passed. After the passage of the act the city was empowered to create ten traffic ways regardless of the existing ways when the act was passed. As to the inclusion of several streets or parts of streets in a single traffic way, the act provides:

"That such streets or avenues shall be established and designated as main arterial traffic ways by the governing bodies of said cities, because of their adaptability to such purpose, and shall be established at such places in the city as in the judgment of the governing body will best serve to carry the traffic of said cities," etc.

The purpose of the legislature evidently was that traffic ways shall be established according to the topography of the ground and in such place or places as will contribute best to carry the traffic. It is not required that traffic ways, to be established, shall be along a straight line or over a single street; the adaptability of the places or streets that will best serve the public in carrying the traffic of

the city, is a prime consideration. The route along which a traffic way shall be established is left to the judgment of the governing body of the city. As to the route and the promotion of one that will properly care for the traffic, that body should, of course, select a route that is practical, one that will conduce to the convenience of the public and best serve the public in caring for the through traffic of the city. The commission has exercised its judgment in that respect, and there being no charge of fraud it may be assumed that the route chosen is both practical and proper and is not now open to question.

Another of the grounds of invalidity asserted by plaintiff is that the commission passed ten ordinances in designating the ten named arterial traffic ways, when one would have served the purpose. The ordinance for the traffic way in question appears to be sufficient to meet the requirements of the act and that objection is deemed to be without merit. There is nothing in the act requiring that all ten of the traffic ways shall be established at one time, or under one ordinance, nor is there anything substantial in the objection that more than ten traffic ways have been established under the act of 1929.

The act refers to and borrows from chapter 133 of the Laws of 1927, as to the assessments on property in the benefit district, and plaintiffs contend that the act of 1927 is inoperative because of the repeal of section 1 of the borrowed act of 1927. Section 1 of the later act, it appears, was amended and is operative as amended. But one section of the act was amended and that section is continued in force, and, besides, the other sections of the act are applicable to the matter of making assessments. No difficulty can arise or has arisen apportioning the assessments for the improvement of main arterial traffic ways, and that object is not deemed to be substantial.

There is a further contention that the assessments are unenforceable because no petition was presented asking for the improvement by property owners. It was competent for the legislature to dispense with a petition for the improvement and to provide for it with or without a petition of property owners. (*Baird v. City of Wichita,* supra.)

An attack is made on the validity of ordinances passed by the city commission in establishing the traffic ways and providing for the payments of the improvements. Fault is found with the titles

of the ordinances in that the subject is not clearly expressed in it. It is only necessary to say that an examination of the ordinances satisfies us that the title is broad enough to cover the provisions included in the ordinances. It is not necessary to include in the title all the details of the provisions of the ordinance, and not necessary to insert in the title what constitutes a repaving or recurbing of the traffic way. It is enough if the title is sufficiently broad to indicate in general terms the provisions of the ordinance. Without recounting at length the terms of the ordinance and of the titles, we hold them to be free from the objections made by plaintiffs.

An objection is raised as to the paying for the estimate of the engineer. That is an essential part of the work and is a wise provision for the protection of the public as well as the owners of the property assessed. We find nothing in the estimate to warrant the complaint made by plaintiffs.

There are some other objections as to selection of the kind of pavement, the work required under the contract that was made, the completion of the work contracted for, that the contract was let at unit prices instead of a lump sum, that more than half the cost of the improvement was assessed against the owners of the property, of a lack of competitive bidding, and that the work might have been done for a less price, but none of them are deemed to be material or to justify the granting of the injunction asked.

Eliminating the conclusions of the pleader, the matters of which the court takes judicial notice, and statements in the petition which are inconsistent with each other and also with matters of record, we conclude that the court rightly held that the petition of plaintiffs did not state a cause of action in their favor.

The judgment is affirmed.

HARVEY, J., not sitting.