No. 30,802.

THE CITY OF KANSAS CITY, a Municipal Corporation, *Appellee*, v. DAN SCHERRER, doing business under the Firm Name and Style of DAN SCHERRER CONSTRUCTION COMPANY, *Appellant*.

(8 P. 2d 1074.)

Opinion filed March 19, 1932.

*Arthur J. Mellott,* of Kansas City, for the appellant.

*Alton H. Skinner* and *John C. O'Brien,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in the nature of specific performance to require defendant to proceed with the improvement of one of the main arterial traffic ways of the city in accordance with a contract which he had previously made with the city for that purpose. The real purpose of the action was to have an adjudication in the nature of a declaratory judgment interpreting the statute under which the contract for the improvement was made. The trial court interpreted the statutes in question and rendered judgment for plaintiff. Defendant has appealed.

In 1929 our legislature enacted a statute (Laws 1929, ch. 132) for the designation by the governing body of the city of certain streets or avenues as main arterial traffic ways and for their improvement. In *State, ex rel., v. French,* 130 Kan. 464, 286 Pac. 204, this statute was held to be valid and to be applicable to the city of Kansas City, Kan. The third section of the act gave the governing body of the city power, by resolution without any petition by property owners, to improve the main arterial traffic ways designated, one-half of the cost to be paid by the city at large, the other half to be paid by the property liable to assessment for such improvement, the same to be assessed against the benefit district and apportioned among the various lots and parcels of land "within the benefit district in the same manner as is provided for in the construction of similar improvements by the provisions of chapter 133 of the Session Laws of Kansas for 1927." This section (Laws 1929, ch. 132, § 3) was amended by chapter 118 of the Session Laws of Kansas of 1931. The amendment added, following the above quotation, these words: "and all acts or parts of acts amendatory thereof." It contained this provision:

"No suit to question the validity of the proceedings of the governing body of such city shall be commenced after thirty days from the date of awarding the contract for said improvements, as provided for in this act. If no suit be filed during said thirty days all the proceedings had thereon shall be held to be regular, sufficient and valid. The contractor shall not be required to commence the construction of said improvements until the expiration of said thirty days."

These statutes (Laws 1929, ch. 132, as amended by Laws 1931, ch. 118) now appear as R. S. 1931 Supp. 13-1090 to 13-1092. The petition in this case alleged facts showing that the city had in all respects complied with the provisions of these sections of the statute providing for the designation and improvement of main arterial traffic ways of the city, and that the contract has been let and signed by the defendant more than thirty days prior to the bringing of the action.

The confusion in the statute which gives rise to the actual controversy between the parties to this action comes from the provision therein that one-half of the cost of the improvement shall be assessed against the benefit district and apportioned among the lots and parcels of land within the benefit district "in the same manner as is provided for in the construction of similar improvements by the provisions of chapter 133 of the Session Laws of Kansas for 1927 and all acts and parts of acts amendatory thereof." This requires that we examine that statute and its amendments.

Chapter 133, Laws of 1927, is a comprehensive measure of fourteen sections relating to the making of special improvements in certain cities and for the issuing of tax bills in payment therefor, and for their collection and procedure relating thereto. In *State, ex rel., v. Kansas City,* 125 Kan. 88, 262 Pac. 1032, this statute was held constitutional and valid and applicable to the city of Kansas City, Kan. The procedure provided by that statute for initiating the improvement was that a petition, signed by the resident owners of not less than one-half of the feet fronting or abutting on the street to be improved, must be presented to the governing body of the city, which, by resolution, could declare the improvement necessary and contract therefor and levy taxes upon the property on each side of the street to the middle of the block, the entire cost of the improvements to be paid for by special tax bills. It provided that before the improvements should be made, or any advertisements made calling for bids, the city engineer should make a detailed statement of the cost thereof and plans and specifications therefor. Section 2 and subsequent sections of the act authorized the governing body of the city to provide for the payment of the cost of the improvement by special tax bills against the property charged therewith, payable in not to exceed ten annual installments, and that the tax bills be a lien upon the property described therein for the amount of the special assessment, and made further provision relating to the

interest rate which the tax bills should bear, and the manner in which they should be paid or could be collected, details of which need not be stated. Section 1 of this act was amended by chapter 128, Laws 1929. The amendments therein made are not material in this case and need not be noted.

In 1931 the legislature (Laws 1931, ch. 117) passed an act relating to special improvements in cities of over 120,000 population and repealing section 1 of chapter 128, Laws of Kansas, 1929. It did not purport to amend the previous statute, but simply repealed it. It provided, in substance, that when the resident owners of real estate, owning not less than one-half of the feet fronting or abutting on the street liable to taxation for special improvements, shall petition the governing body to improve the same, the governing body shall ascertain the sufficiency of the petition, and if it finds the petition sufficient and determines that it is necessary to make the improvement, and that the same would be beneficial to the real estate liable for assessments in payment therefor, may pass a resolution declaring the work or improvement necessary to be done and give notice thereof, and require the city engineer to make a detailed estimate of the cost of such improvements and plans and specifications therefor and file the same with the city clerk, and advertise for bids for the construction of the work, and may let a contract therefor, and upon letting the contract the governing body shall ascertain the approximate cost of such improvement to the separate tracts and pieces of land liable therefor, and the city clerk shall thereupon mail to the resident owners a written notice of the approximate amount which would be assessed against such land. It contains this provision:

"No suit to question the validity, sufficiency, or regularity of any petition, or the proceedings of the governing body of such city, shall be commenced after thirty days from the date of mailing said notices, and if no suit be filed within said thirty days, all proceedings had thereon to that time, with the exception as to the sufficiency of the petition, shall be held to be regular, sufficient and valid, and the contractor shall not be required to commence the construction of said work until the expiration of said thirty days. . . . Provided, however, that this law shall not be construed as affecting, changing, or altering the arterial traffic-way law, being chapter 132 of the Laws of 1929. or in any way affecting the present statutory provisions for the improvement of boulevards."

It provided the governing body of the city should have power to issue tax bills in the manner provided by law when the improvements were completed, in accordance with the contract therefor.

The real controversy in this case is whether the city, in proceeding to make improvements of main arterial traffic ways (under Laws 1929, ch. 132, as amended by Laws 1931, ch. 118), was required, upon letting the contract therefor, to ascertain the approximate cost of the improvement to the separate tracts and pieces of land liable therefor, and for the city clerk thereupon to mail to the resident owners of such land written notice of the approximate amount which would be assessed against such land. It is conceded the city has not done that in this case, and defendant contends he should not be required to proceed with his contract until that is done.

It is argued that the amended act (Laws 1931, ch. 118) for the designation and improvement of main arterial traffic ways, having provided for the assessment against the lots and parcels of land within the benefit district "in the same manner as is provided for in the construction of similar improvements by the provisions of chapter 133 of the Session Laws of Kansas for 1927, *and all acts and parts of acts amendatory thereof,*" and chapter 117, Laws of 1931, having provided that the approximate cost of such improvement shall be determined, the city clerk shall thereupon mail to the resident owners written notice of the same; and further providing that no suit questioning the validity of the proceedings shall be commenced after thirty days from the mailing of such notices, that these provisions are read into the main arterial traffic-way act (Laws 1931, ch. 118) and should be complied with. There are three answers to this: *First,* the legislature of 1931, which wrote into chapter 118 that the assessment of half of the expense against the lots and parcels of land within the benefit district be in the manner as provided by chapter 133 of the Laws of 1927, *and all acts or parts of acts amendatory thereof,* did not treat chapter 117, Laws of 1931, as an *amendment* of chapter 128, Laws of 1929. The word "amendment" was not used either in the title or the body of the act. Obviously the legislative view was that it was an independent statute, in some respects taking the place of section 1, chapter 128, Laws of 1929, and requiring the repeal of that section, but containing matter not appropriate as an amendment. In this connection it should be noted that the provisions for determining the approximate cost to each lot or parcel of land, the giving of notice to resident property owners by the city clerk, and the thirty days provided for appeal after such notice should be mailed, were not in the original tax-bill act (Laws 1927, ch. 133; Laws 1929, ch. 128). If the

legislature did not consider chapter 117, Laws of 1931, an *amendment* of section 1 of chapter 128, Laws of 1929, there is no reason why the court should do so. *Second,* it is clear that chapter 117, Laws of 1931, in providing the time and circumstances under which an action may be brought to question the validity of the proceeding, links that procedure to one initiated by a petition of property owners. It specifically provides:

"No suit to question . . . any *petition* . . . shall be commenced after thirty days, . . . and if no suit be filed within said thirty days, all proceedings, . . . with the exception as to the sufficiency of the *petition,* shall be held to be regular. . . ."

It is clear these provisions could not be applicable to a proceeding under the main arterial traffic-way act (Laws 1929, ch. 132, as amended by Laws 1931, ch. 118), for the reason that under that act no petition by property owners is either necessary or proper. *Third,* in enacting chapter 117, Laws of 1931, the legislature, perhaps fearful it would be contended that the statute would affect the main arterial traffic-way statute, inserted a provision "that this law shall not be construed as affecting, changing or altering the arterial traffic-way law. . . ."

Taken as a whole, it seems clear that the legislature attempted to keep these two methods of making improvements applicable to different purposes, initiated in different ways, each complete in itself, or practically so.

There is a provision in the main arterial traffic-way act (Laws 1931, ch. 118) for the apportionment of one-half the cost of the improvement among the various lots and parcels of land within the benefit district in the same manner as is provided for the construction of similar improvements by the tax-bill act (Laws 1927, ch. 133). This obviously refers to the provisions of section 2 *et seq.* (Laws 1927, ch. 133, now R. S. 1931 Supp. 13-1079 to 13-1087), as was held by this court in *Taneyhill v. Kansas City,* 133 Kan. 725, 728, 3 P. 2d 645. The trial court correctly held that the procedure taken by the city was in conformity to the statute relating to the designation and improvement of main arterial traffic ways.

Defendant in the court below raised several questions with respect to the constitutionality of chapter 118, Laws of 1931. Each of these was decided *seriatim* against the contention of the defendant by the trial court. The same questions are stated here without definite or specific argument in support of them. We have examined the ques-

tions, however, and find that all of the points urged have been decided adverse to the contention of appellant in former decisions of this court. (*State, ex rel., v. Kansas City,* supra; *Baird v. City of Wichita,* 128 Kan. 100, 276 Pac. 77; *State, ex rel., v. French,* supra; *Taneyhill v. Kansas City,* supra.)

The judgment of the court below is affirmed.