961 P.2d 1074

**SEDONA PRIVATE PROPERTY OWN-ERS ASSOCIATION, an Arizona corporation, Plaintiff–Appellee,**

v.

**CITY OF SEDONA, a municipal corporation, Defendant–Appellee,**

and

**Responsible Residents of the Red Rocks, Inc., an Arizona non-profit corporation, Intervenor–Appellant.**

No. 1 CA–CV 97–0384.

Court of Appeals of Arizona, Division 1, Department E.

May 19, 1998.

Arizona Center for Law in the Public Interest by David S. Baron and Timothy M. Hogan, Tucson and Newmark Irvine, P.A. by Ellen M. Van Riper, Phoenix, for Intervenor–Appellant.

Gammage & Burnham, P.L.C. by Grady Gammage, Jr. and Cameron C. Artigue, Phoenix, for Plaintiff–Appellee.

Michael G. Goimarac, Sedona City Attorney by Jon M. Paladini, Assistant City Attorney, Sedona, for Defendant–Appellee.

OPINION

KLEINSCHMIDT, Judge.

¶ 1    This case grows out of an attempt to control growth in the City of Sedona.  A

group called the Responsible Residents of the Red Rocks organized an initiative drive to enact what they called a "Sustainable Growth Ordinance." The objective of the ordinance was to slow the rate of construction in Sedona to preserve the environment and manage growth.

¶2 The proposed ordinance limited the number of new building permits that could be issued annually to 70% of the average number of permits issued each year for the period between 1988 and 1995. It set forth criteria for issuing permits and provided for hearing procedures.

¶3 At the time of the vote, there were 6,549 registered voters in the City of Sedona. Only 3,132 of these voted in the election. The ordinance passed with 1,594 "yes" votes against 1,538 "no" votes.

¶4 After the election, a group calling themselves the Sedona Private Property Owners' Association filed this suit against the city seeking a declaration that the ordinance was invalid and asking for a permanent injunction against its enforcement. The owner's association later filed a motion for partial summary judgment, arguing, among other things, that the ordinance was invalid because it constituted zoning by initiative, which they argued is prohibited by case law. The court granted the motion for that reason.

¶5 After the court granted summary judgment, the Sedona City Council voted unanimously to repeal the ordinance. The court then permanently enjoined the city from enforcing the ordinance and the group that originally backed the initiative appealed. On appeal, the property owners and the City of Sedona argue that the case is moot because the city council repealed the ordinance. Alternatively, they address the substantive issues. A case becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties. *Sandblom v. Corbin,* 125 Ariz. 178, 182, 608 P.2d 317, 321 (App.1980). We dismiss the appeal because we find that the appeal is moot.

¶6 The question at the heart of the mootness issue is whether the city council had the authority to repeal an ordinance adopted by initiative. Article 4, part 1, section 1(6) of the Arizona Constitution states:

(6) [Veto and repealing power] The veto power of the Governor, or the power of the Legislature, to repeal or amend, shall not extend to initiative or referendum measures approved by a majority vote of the qualified electors.

¶7 In this context, "qualified electors" means those who are registered to vote, not just those who actually voted. *See Adams v. Bolin,* 74 Ariz. 269, 273–74, 247 P.2d 617, 620–21 (1952). If section 1(6) applies to local initiatives, the ordinance was not immune from repeal because it did not pass by a majority of those registered to vote.

¶8 We must decide whether section 1(6) applies to local elections. The Arizona Constitution reserves to the people the right to initiate legislation and gives local governments the authority to prescribe the manner of exercising such powers [of initiative and referendum] *"within the restrictions of general laws."* Ariz. Const. art. 4, pt. 1, § 1(2) and (8)(emphasis added). Arizona Revised Statute Annotated (A.R.S.) section 19–141(C) provides:

The procedure with respect to municipal and county legislation shall be as nearly as practicable the same as the procedure relating to initiative and referendum provided for the state at large, except the procedure for verifying signatures on initiative or referendum petitions may be established by a city or town by charter or ordinance.

It is this statute that makes section 1(6) of the constitution applicable to local initiatives. The closest thing to a legislature at the city level is the city council, so it would appear that the repeal was effective.

¶9 The backers of the ordinance, however, point to Section VII of the ordinance itself. It provides:

The Sustainable Growth Ordinance and its procedures shall be altered or repealed ONLY BY A MAJORITY VOTE OF THE QUALIFIED VOTERS AT A REGULAR CITY OF SEDONA ELECTION.

They argue that A.R.S. section 19–141(C)—the provision which requires local procedures to conform to procedures for the state at large—does not apply in this case. They rely on *City of Flagstaff v. Mangum,* 164 Ariz. 395, 793 P.2d 548 (1990), a case which dealt with whether local initiative petitions had been timely filed. In *Mangum,* the supreme court noted that section 19–141(C) applies only as a last resort, i.e., in the absence of controlling local law. The backers of the ordinance in this case say that Section VII of the ordinance supplies the local law so there is no need to invoke the statute.

¶ 10  We do not believe the argument based on *Mangum* governs this case. It is a general rule that one governing body cannot enact irrepealable legislation or tie the hands of its successors with respect to a particular law. *See Higgins' Estate v. Hubbs,* 31 Ariz. 252, 252 P. 515 (1926); *see also* 82 C.J.S. *Statutes* § 279 (1953); *Thomas v. Daughters of Utah Pioneers,* 114 Utah 108, 197 P.2d 477 (1948); *United Milk Producers v. Cecil,* 47 Cal.App.2d 758, 118 P.2d 830 (1941); *Taneyhill v. Kansas City,* 133 Kan. 725, 3 P.2d 645 (1931). While our constitution permits a narrow exception to the general rule for measures adopted by initiative by a majority of qualified electors, the application of Section VII of the ordinance, a section which is purely secondary to the purpose of the initiative in question, would greatly expand that exception. It would, by a bare majority vote, "bulletproof" a law against repeal by the city council, thus writing the constitutional provision and the statute completely out of existence.

¶ 11  Alternatively, the backers of the ordinance contend that this case is excepted from the mootness doctrine because the ordinance involves a matter of statewide concern and guidance is needed for similar initiatives that are planned for the future. We disagree. The ordinance is of limited application and similar provisions can be reviewed on their merits as they arise. We will not address the other issues on appeal because of our finding that this case is moot.

¶ 12  The appeal is dismissed.

SULT, P.J., and GARBARINO, J., concur.