NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CARL L. McCAMMON, *Petitioner/Appellant*,

*v.*

JENNIFER R. OLSON, *Respondent/Appellee*.

No. 1 CA-CV 14-0265 FC

FILED 4-2-2015

Appeal from the Superior Court in Maricopa County
No. FC2010-051043
The Honorable Jerry Porter, Judge

**DISMISSED IN PART; AFFIRMED IN PART; REMANDED IN PART**

COUNSEL

Carl L. McCammon, Phoenix
*Petitioner/Appellant*

Jennifer R. Olson, Phoenix
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

**J O N E S**, Judge:

**¶1**      Carl McCammon (Father) appeals the trial court's child support and legal decision-making orders with respect to his one son (Child). Based upon the following, we dismiss the issues raised by Father on appeal regarding legal decision-making as moot. With regard to the child support order, we affirm in part and remand in part.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**      Jennifer Olson (Mother) and Father are the natural parents of Child, born in June 2009. In May 2011, the trial court entered a final order granting the parties joint legal decision-making authority, awarding Mother primary physical custody and Father parenting time of approximately two weeks per month, and ordering, pursuant to agreement of the parties, that neither party pay child support.

**¶3**      In November 2012, Mother did not pick up Child because she "had a party and consumed alcohol and smoked marijuana" the previous day. In January 2013, Father obtained an order of protection against Mother, which listed Child as a protected person, after Mother threatened to abscond with Child. He also petitioned for modification of the court's prior orders, requesting sole legal decision-making authority, primary physical custody with supervised parenting time to Mother, and child support. Mother objected to any modification, stating the November 2012 incident was an isolated "lapse in judgment." Following a hearing in March 2013, the trial court entered temporary orders requiring Mother to submit to quarterly hair follicle testing. It also amended the order of protection to permit parenting time between Mother and Child with the exchange to occur at a neutral location, and to allow email communication between Mother and Father that was limited only to issues regarding Child.

**¶4**      Mother's first hair follicle test in May 2013 was free of any indication of substance abuse. At around the same time, Mother obtained a medical marijuana card; she tested positive for marijuana thereafter. In September 2013, Father renewed his request for sole decision-making authority and supervised visitation, alleging Mother's mental health issues, alcohol addiction, substance abuse, and disregard of court orders created a

---

[1]      We view the facts in the light most favorable to sustaining the trial court's orders. *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3, 968 P.2d 1053, 1055 (App. 1998).

"toxic environment" that was dangerous to Child. He also requested Mother be ordered to pay child support in accordance with the Arizona Child Support Guidelines, beginning on the first day of the month following the filing of his petition.

¶5            In October 2013, the trial court found Mother "ha[d] a substance abuse problem with marijuana" and, on its own motion, referred Mother and Father to Family Drug Court. The court also reduced Mother's parenting time to twelve supervised hours per week, ordered Mother not to drive with Child as long as she maintained her medical marijuana card, and restricted her from using marijuana during or within twelve hours of her parenting time. It also appointed an advisor pursuant to Arizona Rule of Family Law Procedure 10(A) to evaluate the situation and make recommendations regarding Child's best interests.

¶6            In December 2013, following an evidentiary hearing, the trial court entered temporary orders requiring Mother to pay $384.91 per month in child support beginning January 1, 2014. The court also set a two-hour trial regarding legal decision-making authority, parenting time, and final child support for February 2014.

¶7            Prior to the February 2014 trial, the parties agreed to continue the supervised parenting time as outlined in the October 2013 temporary orders, and that the factors used to calculate child support, with the exception of the cost of medical, dental, and vision insurance, were unchanged. Based upon these agreements, the trial court affirmed the December 2013 child support order and set forth a procedure for reimbursement of medical expenses paid by either party.

¶8            With those issues settled, the trial court shortened the trial from two hours to forty-five minutes without notifying the parties, and after considering the evidence presented at that hearing, entered an order affirming joint legal decision-making authority. The court specifically found Mother had rebutted any presumption that, by virtue of her substance abuse, joint legal decision-making was not in Child's best interests through her participation and progress in Family Drug Court.

¶9            Father filed a motion for new trial, arguing: (1) the evidence was insufficient to support the trial court's order for joint legal decision-making authority, and (2) the reduction in the length of trial without notice constituted an irregularity in the proceedings that denied him a fair trial. The trial court denied Father's motion. Father timely appealed. We have

jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.01(A)(1) and -2101(A)(1), (5)(a).[2]

## DISCUSSION

### I.    Legal Decision-Making Authority

¶10        Father argues the trial court erred in awarding the parties joint legal decision-making authority in February 2014.[3]  We conclude, however, that events occurring after February 2014 have rendered this issue moot.  "A case becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties."  *Sedona Private Prop. Owners Ass'n v. City of Sedona*, 192 Ariz. 126, 127, ¶ 5, 961 P.2d 1074, 1075 (App. 1998) (citing *Sandblom v. Corbin*, 125 Ariz. 178, 182, 608 P.2d 317, 321 (App. 1980)); *see also Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229, 696 P.2d 1376, 1378 (App. 1985) (noting a question becomes moot through "a change in a condition of affairs") (citations omitted).

¶11        The record reveals that by May 2014, Mother had tested positive for methamphetamine on four separate occasions and, in July 2014, she was unsuccessfully discharged from Family Drug Court.  With that, the trial court immediately suspended her parenting time and awarded Father sole legal decision-making authority.  The court advised Mother she could petition to modify legal decision-making authority and parenting time upon successful completion of an in-patient residential substance abuse treatment program.  Thus, based upon a change in circumstances, Father has been granted the sole legal decision-making authority he sought, and continues to seek through this appeal, in a final, effective order.  Father has obtained the relief petitioned for in this appeal and, therefore, further consideration would have no practical effect on his case.

---

[2]        Absent material revisions from the relevant date, we cite a statute's current version.

[3]        Mother did not file an answering brief.  In our discretion, we decline to treat her failure to do so as a confession of error.  *See Gonzales v. Gonzales*, 134 Ariz. 437, 437, 657 P.2d 425, 425 (App. 1982) ("Although we may regard [the] failure to respond as a confession of reversible error, we are not required to do so.") (citing *Bugh v. Bugh*, 125 Ariz. 190, 191, 608 P.2d 329, 330 (App. 1980)).

**¶12** This Court generally "will refrain from considering moot or abstract questions." *Fraternal Order of Police Lodge 2 v. Phx. Emp. Relations Bd.*, 133 Ariz. 126, 127, 650 P.2d 428, 429 (1982) (citations omitted); *Contempo-Tempe*, 144 Ariz. at 229, 696 P.2d at 1378. Although "we may elect to consider issues that have become moot if there is either an issue of great public importance or an issue capable of repetition yet evading review," *Kondaur Capital Corp. v. Pinal Cnty.*, 235 Ariz. 189, 193, ¶ 8, 330 P.3d 379, 383 (App. 2014) (quoting *Bank of N.Y. Mellon v. De Meo*, 227 Ariz. 192, 194, ¶ 8, 254 P.3d 1138, 1140 (App. 2011)) (internal quotations omitted), we find neither of these exceptions applicable here. We therefore dismiss the portion of Father's appeal regarding legal decision-making authority as moot.

## II.    Child Support

**¶13** We review an award of child support for an abuse of discretion. *Cummings v. Cummings*, 182 Ariz. 383, 385, 897 P.2d 685, 687 (App. 1994) (citation omitted). The trial court abuses its discretion if the record lacks competent evidence to support its decision, *Little v. Little*, 193 Ariz. 518, 520, ¶ 5, 975 P.2d 108, 110 (1999), or the court makes "an error of law in the process of exercising its discretion." *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2, 118 P.3d 621, 622 (App. 2005). We review *de novo* the interpretation of the statutes and guidelines governing child support calculations. *Patterson v. Patterson*, 226 Ariz. 356, 358, ¶ 4, 248 P.3d 204, 206 (App. 2011).

### A.    Effective Date of Child Support Order

**¶14** Father first argues the trial court erred by not ordering child support begin on the first day of the month following service of Father's petition, i.e., October 1, 2013. Under A.R.S. § 25-327(A), modifications to child support obligations "are effective on the first day of the month following notice of the petition for modification . . . unless the court, for good cause shown, orders the change to become effective at a different date . . . ."

**¶15** Here, the trial court specifically inquired as to the first date of the month following service, acknowledging this was the statutory time upon which the modification should begin. The parties agreed the appropriate start date was October 1, 2013. Nonetheless, the trial court entered the order beginning January 1, 2014, stating it would "address arrears at the time of trial."

¶16 The trial court, however, did not address arrears at the time of trial. Arguably, there were no arrears to be addressed at the time of trial, because child support arrears do not accrue unless a child support order has previously entered. Upon these facts, we find the trial court lacked good cause to order the change be effective on January 1, 2014, and abused its discretion in doing so. We therefore remand with direction that the effective date of the child support order be amended to October 1, 2013.

### B. Parenting Days

¶17 Father also argues the trial court erred in not adjusting the parenting days allotted Mother following reduction of her parenting time. The record reflects that the court did not enter its order based upon its own calculation of parenting time days, but adopted the parties' agreement, made on the record in December 2013, to allot Mother fifty-two days of parenting time per year. Additionally, the fifty-two day allotment, based upon court-ordered parenting time of twelve hours per week, is not inconsistent with the Arizona Child Support Guidelines. A.R.S. § 25-320 app. § 11 (directing the court to "determine the total annual amount of parenting time indicated in a court order or parenting plan or by the expectation or historical practice of the parents"). Under these circumstances, we find the trial court acted within its discretion in attributing Mother fifty-two days of parenting time.

### C. Notice of Modification Proceedings

¶18 Finally, Father suggests the trial court amended the child support order without providing adequate notice to the parties. Father does not point to any facts in the record or legal theory to support this conclusion, *see* ARCAP 13(a)(7)(A), and the record suggests otherwise. The matter was initiated on Father's own petition, so the possibility that child support would be amended should not have caught Father by surprise. Second, Father's petition to modify child support was filed in January 2013, renewed in September 2013, and the evidentiary hearing was held in December 2013, thereby providing almost a year for Father to prepare. Moreover, the only disputed issue as to child support was the appropriate effective date of the order, as has been addressed above. We therefore find no merit in Father's contention.

### CONCLUSION

¶19 For the foregoing reasons, we dismiss Father's appeal regarding legal decision-making authority as moot, and remand to the trial court with instructions to amend the child support order to reflect an

effective date of October 1, 2013 and enter an appropriate judgment for arrears. As the prevailing party, Father may recover his costs on appeal in compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
FILED: ama