NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SAFEWAY INSURANCE COMPANY INC, *Plaintiff/Appellant*,

*v.*

JONATHAN GARCIA, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0342
FILED 4-14-2022

Appeal from the Superior Court in Maricopa County
No. CV2019-096463
The Honorable David J. Palmer, Judge

**VACATED AND REMANDED WITH INSTRUCTION**

COUNSEL

Huser Law Firm, Chandler
By Ronald E. Huser
*Counsel for Plaintiff/Appellant*

Moshier Law Firm PC, Phoenix
By Trail T. Potter, Jennifer Kristen Moshier
*Counsel for Defendant/Appellee*

---

## MEMORANDUM DECISION

Chief Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

---

**C A T T A N I**, Chief Judge:

¶1        Safeway Insurance Company Inc. challenges the superior court's summary judgment ruling construing an "other vehicle" exclusion in an automobile liability insurance policy. Because the case was rendered moot before the court's ruling, we vacate the judgment and associated award of attorney's fees and remand with instruction to dismiss the case.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Jonathan Garcia was injured when he was struck by a vehicle owned and driven by Bryan Vargas.

¶3        Garcia sued Bryan and his parents, Rafael and Elizabeth Vargas, in March 2019. Garcia claimed Bryan's negligence had caused the accident, making him liable for Garcia's injuries; Rafael and Elizabeth were joined on the theory that Rafael's Safeway-issued automobile liability insurance policy (for a different vehicle) provided additional coverage for Bryan's liability for the accident beyond that provided by Bryan's separate automobile liability policy. Garcia settled his claim against Bryan for policy limits (under Bryan's own policy), and Garcia's claim against Bryan was dismissed with prejudice. The superior court then granted summary judgment in favor of Rafael and Elizabeth, noting that Garcia had not asserted that they were independently liable for the accident.

¶4        While the tort case remained pending, Safeway filed the current lawsuit (naming Garcia and the three Vargas family members as defendants) seeking a declaratory judgment that the "other vehicle" exclusion in Rafael's policy precluded coverage for Bryan's liability to Garcia in the underlying tort case. None of the Vargases appeared or answered the complaint, but Garcia answered and moved for summary judgment. Safeway opposed and filed a cross-motion for summary judgment. The superior court ruled in Garcia's favor, concluding that there was a conflict between the Safeway policy's coverage language and its exclusion of coverage for other vehicles (those not expressly insured under

the policy) owned by family members that rendered the exclusion unenforceable.

**¶5**        Safeway moved for reconsideration, arguing in part that the court's ruling was moot because Garcia's claim against Bryan in the underlying tort case had been dismissed. The superior court ordered and considered a response from Garcia and later denied reconsideration. The court entered a final judgment stating that Safeway was obligated to provide additional coverage for Garcia's unreimbursed damages caused by Bryan, and awarding Garcia several thousand dollars in attorney's fees and costs. Safeway timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶6**        Safeway argues not only that the superior court erred on the merits, but also that the court erred by entering judgment at all after the resolution of the underlying tort suit left no remaining justiciable controversy. The latter issue is dispositive.

**¶7**        Preliminarily, we note that Safeway did not raise the issue of mootness until its motion for reconsideration. While we often decline to consider issues first raised in a request for reconsideration, *Powers v. Guar. RV, Inc.*, 229 Ariz. 555, 561–62, ¶ 24 (App. 2012), our reluctance to reach such issues is based largely on the unfairness of considering arguments to which the opposing party had no opportunity to fairly respond. *See Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240–41, ¶¶ 15–16 (App. 2016). Here, because Garcia received a fair opportunity to respond to Safeway's allegation of mootness (and present any additional facts he deemed relevant) in superior court, as well as an opportunity to further develop his argument on appeal, we may fairly consider the issue.

**¶8**        A declaratory judgment action requires an actual controversy between interested parties. *Bd. of Supervisors of Maricopa Cnty. v. Woodall*, 120 Ariz. 379, 380 (1978); *Thomas v. City of Phoenix*, 171 Ariz. 69, 74 (App. 1991); *see also* A.R.S. § 12-1832 (authorizing a declaratory judgment action to declare the rights of a person "interested under" or "affected by" a contract). Arizona courts thus generally decline to hear declaratory judgment cases that raise only moot questions or seek advisory opinions. *Ariz. State Bd. of Dirs. for Junior Colls. v. Phx. Union High Sch. Dist.*, 102 Ariz. 69, 73 (1967). A case becomes moot when an event occurs such that the outcome of the case will "have no practical effect on the parties." *Sedona Priv. Prop. Owners Ass'n v. City of Sedona*, 192 Ariz. 126, 127, ¶ 5 (App. 1998).

Although our reluctance to consider moot questions is a discretionary (rather than constitutional) restraint under Arizona law, *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012), such restraint ensures, at a minimum, "that the issues will be fully developed by true adversaries" with an interest in the outcome. *Armory Park Neighborhood Ass'n v. Episcopal Cmty. Servs. in Ariz.*, 148 Ariz. 1, 6 (1985).

**¶9** Here, an active controversy between interested parties existed when Safeway initially filed the declaratory judgment action: The complaint sought a declaration as to coverage under the Safeway policy and named as defendants Rafael (the named insured) as well as Bryan (who, as a family member living in Rafael's household, could under some circumstances claim liability coverage under Rafael's Safeway policy). But none of the Vargases appeared or answered the complaint.

**¶10** The only defendant who opposed Safeway was Garcia, who himself had no *independent* interest in the coverage question. Instead, Garcia's interest was indirect, dependent on *Bryan's* potential claim for liability coverage to pay Garcia excess damages based on Bryan's liability for the accident.[1] But Garcia settled his tort claim against Bryan for policy limits under Bryan's own insurance—and stipulated to dismissal of that claim with prejudice. There is no indication in the record—or even allegation by Garcia—that the settlement contemplated excess liability or included an assignment of Bryan's coverage claim (if any) to Garcia. Without that, the question of Bryan's liability to Garcia was fully resolved by the dismissal in the underlying tort case, meaning that as between Safeway and Garcia (the only parties appearing in this case), resolution of the declaratory judgment case would "have no practical effect on the parties" and was thus moot. *See Sedona Priv. Prop. Owners Ass'n*, 192 Ariz. at 127, ¶ 5.

**¶11** Garcia argues that the case is not moot because the interpretation of Safeway's policy language could apply to other Safeway insureds whose policies contain the same language. *Cf. Cardoso*, 230 Ariz. at 617, ¶ 5 (permitting consideration of a moot issue if it is "of great public importance" or "capable of repetition yet evading review") (citations omitted). But without "true adversaries" with an interest in the outcome of

---

[1] Garcia also named Rafael and Elizabeth as defendants in the underlying tort claim, but he never asserted that they were independently liable for the accident, and the court entered summary judgment in their favor on that basis. Garcia's interest in the coverage question was thus tied solely to Bryan's liability.

this case, *see Armory Park Neighborhood Ass'n*, 148 Ariz. at 6, the coverage question became simply a request for an advisory opinion with no concrete effect on the participating parties. *See Cardoso*, 230 Ariz. at 617, ¶ 5. Moreover, assuming other Safeway insurance contracts include comparable policy language, the coverage/exclusion issue presented here will not evade review if a policy holder (or other covered person) remains a party to an underlying tort case or the injured person receives an assignment of rights in conjunction with a settlement. *See Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 230 (App. 1985).

¶12 Accordingly, because the declaratory judgment case was moot with no viable exception, we vacate the superior court's judgment. This resolution means Garcia no longer prevailed in superior court, so we likewise vacate the superior court's award of attorney's fees in his favor. *See* A.R.S. § 12-341.01(A).

## CONCLUSION

¶13 We vacate the judgment (including the award of attorney's fees) in favor of Garcia and remand with instruction to dismiss the case as moot.

¶14 Safeway requests an award of attorney's fees on appeal under A.R.S. § 12-341.01, and Garcia requests an award of fees and costs as a sanction under ARCAP 25. In light of our conclusion that the case is moot, and in an exercise of our discretion, we deny both requests. Each side shall bear its own costs on appeal.

