NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

MARCIE JOSEPH, *Petitioner/Appellant*,

*v.*

BRIAN JOSEPH, *Respondent/Appellee*.

No. 1 CA-CV 22-0722 FC
FILED 10-3-2023

Appeal from the Superior Court in Yavapai County
No. P1300DO20070013
The Honorable Cele Hancock, Judge

**AFFIRMED**

COUNSEL

Law Offices of A. Thomas Smith, PLLC, Scottsdale
By A. Thomas Smith
*Counsel for Petitioner/Appellant*

Brian Joseph, Chino Valley
*Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge David B. Gass joined.

_____

**J A C O B S**, Judge:

¶1 Marcie Joseph (Wife) appeals the superior court's denial of her petition to compel Brian Joseph (Husband) to sell their former marital residence, as required by the original consent decree in their 2007 divorce. Because Wife later signed away her rights in that residence (which was later sold), and because Wife does not develop arguments that the superior court erred in denying her petition, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Husband and Wife divorced in 2007. In a consent decree, the parties agreed to sell their marital home. They agreed on an initial listing price of $490,000 subject to review every 60 days, and to accept the highest offer within $10,000 of the listing price. They also agreed that Wife would receive: (a) $80,000 from the sale; (b) 50% of the remaining proceeds; and (c) $19,000 from Husband's 50% share of the sale as a property equalization payment. The consent decree stated that if the sale did not result in Wife receiving $80,000, whatever lesser amount the sale netted would satisfy Husband's payment obligations under the consent decree.

¶3 The parties were unable to sell the home due to plunging home values during the Great Recession. Wife agreed with Husband to take the house off the market and rent it. Wife rented the home to tenants from 2007 until 2012, at which point the parties relisted the home. In June 2012, Trustee Corps initiated a foreclosure sale of the home for nonpayment of the mortgage.

¶4 In late June 2012, after the foreclosure sale was initiated, the parties amended the consent decree to require Husband to pay Wife $19,000 over four years in exchange for Wife's interest in the marital home. Wife signed a warranty deed conveying the home to Husband as well as escrow documents affirming that she would receive no portion of the proceeds from the sale.

¶5        Before the foreclosure sale could occur, Michelle Vancore purchased the home at a short sale for $180,000.  Husband later married Vancore and lived with her in the home.  Vancore passed away in 2017, resulting in Husband reacquiring the home.

¶6        Wife learned in 2020 that Vancore had bought the house. Wife believes that prior to selling her interest in the home to Husband, he and Vancore planned to have Vancore purchase the home once it was up for foreclosure.  Wife has not yet received the full $19,000 from Husband.

¶7        In March 2022, Wife sued Husband seeking to enforce the 2007 consent decree by compelling him to sell the marital home.  The superior court held an evidentiary hearing during which Wife testified that she signed (1) the warranty deed conveying her interest in the home to Husband, and (2) the amendment to the consent decree under which her only right was to the future payment of $19,000.  The court granted Husband's motion for directed verdict on Wife's motion, relying on her signature on the warranty deed, while noting that Wife may have other claims.

## DISCUSSION

¶8        We review the superior court's ruling on a post-decree petition to enforce a court order for abuse of discretion.  *See In re Marriage of Priessman*, 228 Ariz. 336, 338 ¶ 7 (App. 2011).  Separately "we review *de novo* the trial court's interpretation of a decree of dissolution."  *Chopin v. Chopin*, 224 Ariz. 425, 427 ¶ 6 (App. 2010).

¶9        Wife asserts Husband acted inequitably toward her and thus committed wrongdoing in his dealings concerning the marital residence. Yet other than acknowledging the correct standard of review, Wife cites no legal authorities or specific facts of record to develop any particular argument.  We generally only review developed arguments.  *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 ¶ 6 n.2 (App. 2007) (concluding argument was waived where plaintiff cited no relevant supporting authority and did not develop it); *State v. Johnson*, 247 Ariz. 166, 180, 192 ¶¶ 13, 76 (2019) (declining to consider undeveloped, legally unsupported arguments); ARCAP 13(a)(7) (requiring arguments to contain supporting reasons for each contention, and with citations of legal authorities and appropriate references to the record).  Accordingly, Wife's contentions on appeal are waived.

¶10            Despite that waiver, we elect to address what we understand to be the merits of Wife's appeal. *See State v. Smith*, 203 Ariz. 75, 79 ¶ 12 (2002) (exercising discretion to address waived issues). Wife's appeal centers on her request to enforce an already-satisfied condition of the consent decree that the house be sold. There is no dispute in the record that the marital residence was sold in 2012. Thus, even if Wife were enforcing the original consent decree, the sale she petitioned to compel already occurred. For that reason, the superior court did not err when it denied her petition to compel an already-completed sale. *See Sedona Priv. Prop. Owners Ass'n v. City of Sedona*, 192 Ariz. 126, 127 ¶ 5 (App. 1998) (noting "[a] case becomes moot when an event occurs which would cause the outcome of the appeal to have no practical effect on the parties.").

¶11            Moreover, the superior court apparently determined that Wife conveyed her interest in the home to Husband through the warranty deed, and that what Wife still held in the amended consent decree was a right to be paid $19,000 in the future. Wife thus no longer had a right to compel the sale of the residence. For this reason too, the superior court properly granted a directed verdict to Husband. For these reasons, even reaching the merits of Wife's appeal, we must affirm. *See Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (affirming where appellant failed to establish a factual issue). As the superior court noted, Wife may have a separate action under these facts, but those other potential claims are not before us in this appeal. *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459 ¶ 29 (App. 2000) (declining to decide issues not raised by the parties).

¶12            Finally, Wife asserts in her reply brief that Husband forced her into amending the consent decree. Wife also asserts that Husband forged her signature, despite her testimony that the handwriting expert she hired verified the contrary. Because Wife raised these arguments for the first time in her reply brief, they are waived. *State v. Garcia*, 220 Ariz. 49, 52 ¶ 9 n.2 (App. 2008). We also do not reach these contentions because they are not developed with case authority. *See Polanco*, 214 Ariz. at 491 ¶ 6 n.2 (concluding argument was waived where plaintiff cited no relevant supporting authority and did not develop it further).

## CONCLUSION

¶13     For the reasons stated, we affirm the superior court's denial of Wife's petition to compel the sale of the former marital residence.



AMY M. WOOD • Clerk of the Court
FILED:     AA