# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

ANDREW DARNELL WATTS,

    Defendant-Appellant.

UNPUBLISHED
August 17, 2017

No. 331509
Macomb Circuit Court
LC No. 2015-001522-FC

Before: SAAD, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of first-degree premeditated murder, MCL 750.316(1)(a), and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced to life in prison for first-degree murder and two years' imprisonment for felony-firearm. Because defendant was not denied the effective assistance of counsel, we affirm.

This case arises out of the murder of Amir Hudson in his home on October 26, 2014. Defendant and the victim had a personal relationship for three or four years and also had a sexual relationship. The victim paid defendant to allow him to perform oral sex on defendant. Although defendant allowed these acts, he was angered by them and acknowledged that he often thought about killing the victim with the victim's guns. On one occasion, when the victim requested that defendant perform oral sex on him, defendant became enraged that the victim would even think that he would want to perform the act. Defendant complied with the request, but after the victim fell asleep, defendant took one of the victim's guns, made sure it was loaded, and shot the victim in the head while he slept. At trial, defendant argued that he shot the victim on impulse and that the murder was not premediated.

On appeal, defendant argues that he is entitled to a new trial because he was denied the effective assistance of counsel. A claim for ineffective assistance of counsel is preserved by raising the issue in a motion for a new trial or in a motion for a *Ginther*[1] hearing in the trial court. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). There is nothing in the lower

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

court record to indicate that defendant requested a new trial or a *Ginther* hearing. Thus these issues are unpreserved. "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law, and a trial court's findings of fact are reviewed for clear error, while questions of constitutional law are reviewed de novo." *Id*. (citations omitted).

Counsel is presumed to be effective, and a defendant has a heavy burden to prove otherwise. *Id*. "To establish ineffective assistance of counsel, 'the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant.' " *Id*., quoting *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). Prejudice to the defendant "can be shown by proving that there is a 'reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015), quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

Defendant claims that his trial counsel's failure to object to the trial court's omission of a standard jury instruction regarding a witness's prior inconsistent statements constituted ineffective assistance of counsel. Defendant asserts that the testimony of Jennifer Sands, if considered for its substance and not merely for impeachment value, was key to establishing premeditation and that without it, the jury may have convicted defendant of the lesser-included offense of second-degree murder.

At trial, the prosecutor questioned Sands regarding defendant's actions when he returned to her house after the murder. After Sands testified that she did not remember defendant putting a bag of clothes in her trash, the prosecutor questioned Sands regarding the contents of her written statement that she gave to the police about a week after the murder, where she stated that defendant came back to her house wearing different clothes than when he left and that he put a bag of clothes in her trash after asking where her dumpster was. While defendant's trial counsel initially made several hearsay objections to questions regarding Sands' conversation with the police, he made no objections when the prosecutor questioned Sands regarding her written police statement.

The prosecution again introduced Sands' police statement through the testimony of Detective Paul Houtos. Defendant's trial counsel made a hearsay objection, and the prosecutor responded that the admission of the statement was for impeachment purposes. Trial counsel argued that Sands did not deny making the statement, rather, she could not recall making the entire statement. The trial court allowed Detective Houtos' testimony regarding Sands' written statement, explaining that Sands denied some portions of the statement and did not remember making others. The trial court did not give a jury instruction regarding a witness' prior inconsistent statement, and defense counsel did not make any objections to the jury instructions.

"When a witness claims not to remember making a prior inconsistent statement, he may be impeached by extrinsic evidence of that statement," and the trial court should give a proper limiting instruction that the statement can only be considered for impeachment purposes. *People*

*v Jenkins*, 450 Mich 249, 256, 263; 537 NW2d 828 (1995). However, if the prosecution establishes a foundation for the statement as a past recollection recorded, the contents of the statement may be considered as substantive evidence. See MRE 803(5).[2]

In *Jenkins*, our Supreme Court ruled that the admission of a witness' prior inconsistent statement was not harmless error where, if considered for its substance, the statement would have been extremely damaging to the defendant. *Jenkins*, 450 Mich at 265. The Court explained that, unless a proper foundation was laid for admission of the statement as a past recollection recorded, the statement should have been used for impeachment purposes only, and the trial court should have given a proper limiting instruction to prevent the likelihood of the jury considering the statement for substantive purposes. *Id.* at 266.

Here, although the prosecutor did not use the phrase "past recollection recorded," the prosecutor established through questioning that Sands (1) had sufficient personal knowledge of the matters addressed in her police statement, (2) was unable to sufficiently recall the details of her statement due to memory issues stemming from seizures and the passage of time, and (3) wrote her statement while the matter was still fresh in her memory. Thus, the prosecution laid a proper foundation for admission of Sands' prior inconsistent statement as a past recollection recorded under MRE 803(5). Because Sands' testimony regarding her police statement was not offered for impeachment purposes, and a past recollection recorded may be considered as substantive evidence, a jury instruction regarding the use of prior inconsistent statements for impeachment purposes only would not apply. Accordingly, with regard to Sands' testimony, a request for such an instruction would have been improper and an objection based on the lack of such an instruction would have been meritless, and therefore the failure to object does not amount to ineffective assistance of counsel. See *Johnson*, 315 Mich App at 175 ("A defendant is not denied the effective assistance of counsel by counsel's failure to make a futile or meritless objection.").

However, the prosecution also introduced Sands' prior statement through Detective Houtos for impeachment purposes. Accordingly, technically, the trial court should have instructed the jury that Detective Houtos' testimony should be considered for impeachment purposes only. However, assuming counsel's performance was deficient by failing to object, defendant has failed to prove any prejudice. First, Sands' prior statement already had been admitted for its substance through Sands' testimony as a past recollection recorded. Thus, the jury was already permitted to consider the statement for substantive reasons. Second, contrary to defendant's assertion on appeal that Sands' statement was "[t]he most important after-the-fact evidence on concealment introduced at trial," the most important and damaging evidence was the recovery of the clothes themselves from Sands' garbage bin. The clothes were found by the

---

[2] MRE 803(5), the exception for a past recollection recorded, "allows for the admission of a hearsay statement contained in a writing if (1) the document pertains to matters about which the declarant once had knowledge, (2) the declarant has an insufficient recollection of those matters at trial, and (3) the document was made or adopted by the declarant while the matter was fresh in his or her memory." *People v Chelmicki*, 305 Mich App 58, 64; 850 NW2d 612 (2014).

police; subsequent testing on the clothes showed that the DNA from the blood found on the shirt matched that of the victim and the DNA from the shirt matched defendant. The jury did not need Sands' statement to make the (obvious) logical inference that defendant discarded his clothes after returning from the victim's home. Consequently, the failure to provide a limiting instruction related to Sands' prior statement plainly was not prejudicial.

Defendant also argues that his trial counsel's failure to object to the trial court's omission of the standard instruction for the order of deliberations, when there was a lesser-included offense, constituted ineffective assistance of counsel. Defendant avers that this instruction was critical because, without it, a juror may have thought it was necessary to acquit defendant of first-degree murder before considering second-degree murder, rendering the juror unlikely to raise an objection during deliberations, which destroyed defendant's chance at succeeding on his theory that the murder was not premeditated.

During closing arguments, defense counsel argued that the victim's murder was not premeditated. Rather, defendant shot the victim on impulse after the victim asked defendant to perform a sex act on him. Accordingly, the trial court gave the instruction for the lesser-included crime of second-degree murder, stating,

> Second degree murder. The Defendant is charged with the crime of first degree premeditated murder. You may also consider the lesser charge of second degree murder.

However, the court did not give the model instruction for deliberations and verdict when there is a less serious included crime, which provides:

> In this case, there are several different crimes that you may consider. When you discuss the case, you must consider the crime of [*name principal charge*] first. [If you all agree that the defendant is guilty of that crime, you may stop your discussions and return your verdict.] If you believe that the defendant is not guilty of [*name principal charge*] or if you cannot agree about that crime, you should consider the less serious crime of [*name less serious charge*]. [You decide how long to spend on (*name principal charge*) before discussing (*name less serious charge*). You can go back to (*name principal charge*) after discussing (*name less serious charge*) if you want to.] [M Crim JI 3.11(6) (brackets in original).]

Defendant's trial counsel did not object to any of the jury instructions. After 40 minutes of deliberation, the jury found defendant guilty of first-degree premeditated murder and felony-firearm.

Defendant's reliance on *People v Handley*, 415 Mich 356; 329 NW2d 710 (1982), is misplaced. In *Handley*, the Supreme Court held that it was improper for the trial court to instruct the jury that it had to *unanimously acquit the defendant* on the most serious charge before it considered any less serious charge. *Id.* at 358-361. Instead, a jury must be "instructed that if it fails to convict or acquit or is unable to agree whether to convict or acquit on [the more serious] offense], it may then turn to lesser offenses." *Id.* at 361. This mandate is consistent with the

latest model instructions.  Importantly, the instruction also provides that "[i]f you all agree that the defendant is guilty of that [more serious] crime, you may stop your discussions and return your verdict."

Here, the trial court's instruction merely apprised the jury of their option to convict defendant of the less serious crime of second-degree murder.  This instruction did not expressly or impliedly instruct the jurors that they must first acquit defendant of first-degree murder before considering the less serious offense.  Hence, we hold that defendant cannot show how he was prejudiced by the failure to provide the model instruction because, unlike in *Handley*, the jury here was *not* instructed that it had to unanimously acquit before it considered the less serious crime.  Notably, "an imperfect instruction is not grounds for setting aside a conviction if the instruction fairly presented the issues to be tried and adequately protected the defendant's rights." *People v Kowalski*, 489 Mich 488, 501-502; 803 NW2d 200 (2011).  In sum, defendant has failed to show that he would have received a more favorable verdict had the requested instruction been provided.  Indeed, the requested instruction allows for a jury to not consider any less serious charges once it determines that a defendant is guilty of the more serious offense.  The fact that the jury unanimously convicted defendant of first-degree murder makes it clear that it did not have to consider the second-degree option.  Therefore, defendant is not entitled to any relief on this issue.

Affirmed.

/s/ Henry William Saad
/s/ Deborah A. Servitto
/s/ Michael F. Gadola